Sherry HARMON *v.* STATE of Arkansas

CR 93-695                                         876 S.W.2d 240

Supreme Court of Arkansas
Opinion delivered May 16, 1994

*Robert C. Marquette,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Senior Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. This appeal involves the interpretation of statutory provisions pertaining to the suspension of imposition of sentence in criminal cases. The appellant, Sherry Harmon, advances a single point on appeal, arguing that the circuit court erred in revoking the suspended imposition of sentence because the state failed to prove by a preponderance of the evidence that she had violated the conditions of her suspended sentence. The state responds that the circuit court did not revoke Ms. Harmon's suspended imposition of sentence but merely modified its conditions. We hold, *sua sponte*, that the modification of the sentence by the trial court was not permitted by statute, that it was illegal, and that the trial court lacked jurisdiction to impose an illegal sentence.

Appellant Sherry Harmon and her husband, John Harmon, have experienced a turbulent marriage punctuated by periodic separations and violent altercations. On August 31, 1992, Ms. Harmon entered a plea of guilty to a reduced, class-A misdemeanor charge of first-degree assault against her husband.

The Crawford County Circuit Court's "Judgment," dated August 31, 1992, and filed October 5, 1992, noted that imposition of sentence was suspended for one year, "conditioned upon the Defendant's good behavior and other written terms and conditions as set out by the Court. . . ." The judgment order specifically mentioned payment of a $500 fine and $107.75 court costs at the rate of $50 per month. Other "terms and conditions," such as not violating any federal, state, or municipal law, and refraining from frequenting beer taverns or associating with persons with criminal records or bad characters, were listed in a separate document that Ms. Harmon signed.

On November 9, 1992, the state filed with the circuit court an amended petition to revoke Ms. Harmon's suspended imposition of sentence. The petition alleged that Ms. Harmon had committed the misdemeanor offenses of disorderly conduct and public intoxication — both instances being in violation of the terms and conditions of her suspended sentence.

A hearing was held in the matter on December 4, 1992. The circuit court received municipal court transcripts showing Ms. Harmon's convictions on the misdemeanor offenses that occurred

on October 19, 1992. Ms. Harmon testified that, on the evening in question, she had not been drinking but had called the police twice to report abusive behavior by her husband, who was drunk.

The circuit court explained to her that "The State is trying to take care of you, . . . I mean in kind of an odd way, but . . . you understand we've got to use the only methods available to us." The court subsequently ruled that Ms. Harmon's suspended sentence would remain in effect but that it would be modified by the addition of another $500 fine and a sentence of "two weeks in the Crawford County Detention Center."

On appeal, Ms. Harmon argues that the circuit court erred in sentencing her to a two-week jail term because the state failed to produce evidence, other than the transcripts of her two convictions in municipal court, that she had violated the terms and conditions of her suspended sentence. Instead, she insists, her uncontradicted testimony at the hearing "proved that not only was she not guilty of intoxication, but that she also was not guilty of the offense of disorderly conduct."

This argument, of course, is meritless. The convictions entered in evidence speak for themselves. Judgments are generally construed like other instruments, and Ms. Harmon was not entitled to an independent determination by the circuit court of matters already resolved by the municipal court. *DeHart* v. *State*, 312 Ark. 323, 849 S.W.2d 497 (1993).

But the question is not so simply settled, for the state, being aware that this court might question, for the first time on appeal, the trial court's loss of jurisdiction over a defendant, shifts the focus of the issue. *See Jones* v. *State*, 297 Ark. 485, 763 S.W.2d 81 (1989). The state contends that, rather than revoking Ms. Harmon's suspended imposition of sentence, the circuit court merely modified the conditions of the suspension, as it had a right to do under Ark. Code Ann. § 5-4-306(b) (Repl. 1993). That statute provides that:

> During the period of suspension or probation, the court, on motion of a probation officer or the defendant, or on its own motion, may modify the conditions imposed on the defendant or impose additional conditions authorized by § 5-4-303.

The state concedes that neither a period of incarceration nor a fine explicitly appears in the list of possible conditions of suspension of imposition of sentence set forth in Ark. Code Ann. § 5-4-303(c) (Repl. 1994). Nevertheless, according to the state, both incarceration and fines are comprehended by the provision in subsection (c)(10) that requires a defendant to "[s]atisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience."

■ Under Ark. Code Ann. § 5-4-304(a) (Repl. 1994), a court, when suspending the imposition of sentence:

> may require, as an additional condition of its order, that the defendant serve a period of confinement in the county jail, city jail, or other authorized local detentional, correctional, or rehabilitative facility, at whatever time or consecutive or nonconsecutive intervals within the period of suspension or probation as the court shall direct.

This procedure, however, may be accomplished only when the suspension of imposition of sentence is given effect. A trial court loses jurisdiction to modify or amend the original sentence once a valid sentence is put into execution. *DeHart* v. *State, supra; Jones* v. *State, supra.*

In the *Jones* case, the defendant, Starla Jones, had entered a guilty plea to a theft-by-deception charge. The trial court fined her and suspended imposition of sentence for five years. In addition, the court ordered restitution and costs to be paid. Subsequently, the state sought to set aside the suspended sentence. Following a hearing, the trial court ordered that the original suspension of imposition of sentence remain in effect and that Jones be sentenced to sixty days in jail and be required to pay a higher amount in restitution.

■ This court, noting Jones's failure to raise the jurisdictional question below, pointed out that the trial court's loss of jurisdiction over a defendant is always open, cannot be waived, and may be raised by the Supreme Court on its own motion. *Jones* v. *State, supra.* We then examined Ark. Code Ann. § 5-4-301(d)(1) (Repl. 1993), which states:

(d) When the court suspends the imposition of sentence on a defendant or places him on probation, the court shall enter a judgment of conviction only if:

(1) It sentences the defendant to pay a fine and suspends imposition of sentence as to imprisonment or places the defendant on probation. . . .

In our analysis, we quoted the commentary to the identical predecessor statute, Ark. Stat. Ann. § 41-1201(3):

Subsection (3) excepts two situations from the general rule that a judgment of conviction is not to be entered when a court orders suspension or probation. The first is when the court fines the defendant and suspends or probates him only as to imprisonment. The court must enter a judgment of conviction if it is to have a basis for imposing a fine. Furthermore, the defendant who is found guilty of an offense and sentenced to pay a fine only has clearly been "convicted" of the offense. The result should not be different when the court suspends imposition of sentence or places him on probation as to imprisonment.

*Id.*, 297 Ark. at 486-487, 763 S.W.2d at 82.

"Clearly," we noted, "a plea of guilty, coupled with a fine and a suspension of imposition of sentence of imprisonment constitutes a conviction." 297 Ark. at 487, 763 S.W.2d at 82. We held, further, that a sentence by a circuit court to pay a fine is put into execution when the judgment of conviction is entered. In that light, we declared the attempted modification of the original order erroneous.

The state attempts to distinguish *Jones* v. *State* on the basis that, here, the Crawford County Circuit Court did not directly impose a fine on Ms. Harmon when it originally suspended imposition of her sentence but instead conditioned the suspension on her payment of a $500 fine. According to the state, the language of Ark. Code Ann. § 5-4-301(d)(1) denotes two separate sentencing dispositions through the use of the conjunction "and" in the phrase "sentences the defendant to pay a fine *and* suspends imposition of sentence as to imprisonment." If, the state urges, the circuit only suspends imposition of sentence and conditions

that suspension on the payment of a fine, there is no judgment of conviction to be put into execution, and the court had jurisdiction to modify the terms of the suspension under Ark. Code Ann. § 5-4-306(b).

This somewhat circular argument, however, ignores both the fact that the order issued by the circuit court was explicitly titled "Judgment" and the fact that *Jones* v. *State, supra,* dealt with the same statutory section at issue in the present case, *i.e.*, Ark. Code Ann. § 5-4-301(d)(1). The state's reliance on § 5-4-306(b), which authorizes modification of conditions, and *Palmer* v. *State,* 31 Ark. 97, 788 S.W.2d 248 (1990), which deals with that section, is misplaced because, in *Jones* v. *State, supra,* we interpreted § 5-4-301(d)(1) to mean that a guilty plea, a fine, and suspension of imposition of sentence amount to a conviction, which, in turn, entails execution — which precludes a court from proceeding under the auspices of § 5-4-306(b).

We recognized in *DeHart* v. *State, supra,* the validity of a court's ordering the payment of fines in unrelated cases as a condition of suspension. A separate, unsatisfied, existing fine, though, is not the sort of contemporaneous "fine" mentioned in § 5-4-301(d)(1) and imposed in the present case.

In sum, Ms. Harmon's original sentence had been put into execution, and the court below lost jurisdiction to amend or modify it. The order modifying the original sentence is reversed.

Reversed and remanded.