## Casey MEADOWS *v.* STATE of Arkansas

CR 94-1393                                          899 S.W.2d 72

Supreme Court of Arkansas
Opinion delivered June 5, 1995

*Robert E. Irwin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. Appellant Casey Meadows entered a plea of *nolo contendere* to the charge of Battery First Degree on February 22, 1993. After a sentence hearing on March 15, 1993, the judge orally pronounced a sentence of twenty years imprisonment, but suspended the execution of the sentence conditioned upon Meadows (1) living a law-abiding life, (2) paying $200 per month towards the victim's medical bills, (3) paying a $15 per

month supervision fee and (4) paying court costs in the sum of $78.25. The conviction judgment reflecting Meadows' sentence was not filed until August 13, 1993, or five months later, and the judgment, when entered, contained a blank where the restitution amount was to appear. The judgment also read, "Restitution and court costs shall be paid as follows:", but left blank lines obviously meant to contain directives of how the restitution was to be paid. Meadows acknowledged receipt of this March 15, 1993 (filed August 13, 1993) judgment by signing the judgment following the judge's signature.

Sometime after August 13, 1993, a question arose concerning Meadows' payment of restitution, and on December 13, 1993, a hearing was held on that issue. No testimony was taken but the victim's medical bills, totaling $196,014.47, were introduced without objection. During this hearing, the trial judge remarked that, to correct matters, an amended judgment was probably necessary so as to reflect a suspension of imposition of sentence conditioned upon Meadows' performing the original conditions the judge had ordered on March 15, 1993. The judge further found that, when he previously pronounced Meadows was to pay $200 per month restitution payments, the total amount of the victim's medical bills was unknown, and that was probably the reason the restitution amount and its manner of payment was omitted in the earlier March 15th judgment. Following the December 13, 1993 hearing, the trial court signed a "Restitution Order," supplying the information missing in the earlier March 15th order by setting out the victim's medical bills in the total amount of $196,014.47. This order also set out the manner of payment by providing what amounts to a partial restitution at the rate of $200 per month payable over Meadows' twenty-year probation period. The judge's new "Restitution Order" did not include the correction, as the judge suggested at the December 13 hearing, that his order should suspend the imposition of Meadows' sentence.

In this appeal, Meadows first argues that, assuming the trial court's original judgment was valid, the court had no power to amend Meadow's sentence in any fashion because 90 days had expired after entry of judgment. Meadows cites no legal authority in support of his contention, and he offers no real argument or rationale to aid us in understanding his assigned error. Therefore, we do not address this point further.

In another but related argument, however, Meadows urges that the sentence set out in the original judgment is illegal because the trial court had no authority to suspend the execution of his sentence.[1] The state concedes this point, and we agree.

This court has held that sentencing in Arkansas is entirely a matter of statute, *State* v. *Freeman*, 312 Ark. 34, 846 S.W.2d 660 (1993), and the sentencing procedures pertinent here are found in Title 5. Criminal Offenses, Ark. Code Ann. §§ 5-14-101–618 (Repl. 1993). This court has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *State* v. *Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993).

Here, Meadows committed his offense on May 17, 1992, and at that time, Title 5, Chapter 4 of the Code did not authorize trial courts to suspend execution of sentences. Thus, because Meadows' sentence was unauthorized and is illegal, we must reverse and remand this case for resentencing. It is also noteworthy to mention that, effective March 16, 1993, (after Meadows committed his offense), the General Assembly, by specific terms, prohibited trial courts from suspending execution of sentences by enacting Sections 5 of Acts 532 and 550 of 1993 [compiled now as Ark. Code Ann. § 5-4-104(e)(1)(B)(ii) (1993)]. Such enactment is consistent with holding the General Assembly never provided or intended suspended execution of sentences should be sanctioned in these circumstances. In conclusion, we mention, too, the considerable delay by Meadows to question the legality of his sentence since he raises no issue concerning it until the December 13, 1993 hearing. This court has adhered to the general rule that, if the original sentence is illegal, even though partially executed, the sentencing court may correct it. *See Hodge* v. *State*, 320 Ark. 31, 894 S.W.2d 927 (1995); *Lambert* v. *State*, 286 Ark. 408, 692 S.W.2d 238 (1985).[2] In view of

---

[1]Although Meadows also argues the trial court's restitution order was invalid because the court failed to conduct a hearing following the requirements in Ark. Code Ann. § 5-4-205 (Repl. 1993), we need not reach this issue since the trial court, on remand, will have every opportunity to comply with this restitution provision, if required to do so.

[2]Compare, however, Rule 37 post-conviction relief procedures; there a petitioner in custody, who claims a sentence is illegal or illegally imposed, has certain time lim-

the rule and the circumstances in this case, we are obliged to reach Meadows' challenge of his sentence.

For the foregoing reasons, we reverse and remand for resentencing.

itations within which he or she must file for relief. *See* A.R.Cr.P. Rules 37.2(b) and 37.2(c).