Casey MEADOWS *v.* STATE of Arkansas

CR 95-1081                                              922 S.W.2d 341

Supreme Court of Arkansas
Opinion delivered May 28, 1996

*Robert E. Irwin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This is the second appeal by appellant Casey Meadows. On February 22, 1993, Meadows entered a plea of *nolo contendere* to the charge of first-degree battery, which stemmed from his shooting Freddy Boozer, who was left paralyzed from the waist down. The trial court initially pronounced a sentence of 20 years, the execution of which was suspended conditioned upon Meadows (1) living a law-abiding life; (2) paying $200 per month toward the victim's medical bills; (3) reporting monthly to a probation officer and paying $15 per month as a

supervision fee; and (4) paying court costs in the sum of $78.25.[1] In *Meadows v. State*, 320 Ark. 686, 899 S.W.2d 72 (1995) (*Meadows I*), we reversed the sentence because it was illegal in that the trial court had no authority to suspend the *execution* of the sentence as opposed to the *imposition* of the sentence. We remanded the case for resentencing.

On June 27, 1995, the trial court conducted a resentencing hearing. At the outset of the hearing, this record was made:

> BY THE COURT: It's my understanding of the opinion, and I agree with what the Court said, that you don't suspend the execution of sentence, and I wasn't aware that had been done. So this as I understand it will be a re-sentencing.

> BY DEFENSE COUNSEL: That's exactly what it is, re-sentencing.

> BY THE COURT: As though it never happened.

> BY DEFENSE COUNSEL: That's exactly —

> BY THE COURT: And, at this point in time I have the same range of punishment available to me that I had back then; and the question of restitution, if there's going to be a question about that, we can hear that.

> BY DEFENSE COUNSEL: That's exactly right.

> BY THE COURT: As far as — this Court is not bound by any idea that I can suspend the imposition of sentence.

> BY DEFENSE COUNSEL: I understand you're not bound by anything.

> BY THE COURT: And, if the evidence, whatever I hear in this hearing, convinces this Court that this man needs to go to prison, he's got a class "B" felony and there's twenty years available for him to go to the Department of Correction or a fine or any combination of the things that I

---

[1] The 1993 judgment is not contained in the record but is described in *Meadows v. State*, 320 Ark. 686, 899 S.W.2d 72 (1995), and in the testimony of Mike Briscoe, probation officer, at the resentencing hearing.

have available.

BY DEFENSE COUNSEL: I understand all that, Your Honor.

The trial court then proceeded to hear testimony from the victim, Freddy Boozer, about the extent of his injuries and his medical expenses, which exceeded $300,000. Following that, Mike Briscoe, Meadows's probation officer, testified. At the beginning of Briscoe's testimony, this colloquy occurred among the trial court, defense counsel, and the prosecutor:

BY DEFENSE COUNSEL: Now, I'm going to object, Your Honor. That hasn't go (sic) anything to do with the re-sentencing.

BY THE PROSECUTOR: Sure it does, Judge. It shows his compliance with —

BY THE COURT: Well, if I'm going to re-sentence it would be as though there had never been a sentence originally. I'd have the same range of punishment.

BY DEFENSE COUNSEL: Yes, sir.

BY THE COURT: I'd have the pre-sentence report and I'd have comments from people that would give what he has been doing since he was back in this Court a year or two ago. I think that would be beneficial to the Court to decide what to do with him. I don't think I'm frozen in time to what happened back at that point in time.

BY DEFENSE COUNSEL: Well, —

BY THE COURT: How am I going to know how to sentence him if I don't have some input from people?

BY DEFENSE COUNSEL: All right. I think I agree with you.

BY THE COURT: Go ahead.

Briscoe next testified that after December 1993, Meadows's monthly reports to him became sporadic and that twelve reports were not received at all. Briscoe added that Meadows moved away once without telling him and failed to pay supervision fees for approximately five months preceding the sentencing hearing.

Finally, Meadows testified that he now was required to pay $40 a week in child support due to his divorce and that because of living expenses, remarriage, and unavailable construction work, he was unable to make the $200-per-month payments. He offered no explanation of why he had not made the probation reports.

Following a second hearing on July 11, 1995, in which a presentence report was offered, the trial court made the observation that the presumptive sentence for first-degree battery under the new sentencing grid was ten years. *See* Ark. Code Ann. § 16-90-801 to 804 (Supp. 1995).[2] The trial court ordered a sentence of five years imprisonment with an additional ten years suspended, conditioned upon Meadows leading a law-abiding life, paying restitution as previously ordered by the court, reporting to a probation officer, and paying a $15 per month supervision fee.

■ Meadows urges in this appeal that the trial court should have merely corrected the original judgment from a suspension of the execution of the sentence to a suspension of the imposition of the sentence. We disagree for several reasons. We initially observe that defense counsel acknowledged at the commencement of the resentencing hearing and during Briscoe's testimony that the trial court could sentence Meadows to a prison term based on the evidence at the hearing. It is well-settled that a party cannot agree with a ruling by the trial court and then attack it on appeal. *Edwards v. State*, 321 Ark. 610, 906 S.W.2d 310 (1995); *Magar v. State*, 308 Ark. 380, 826 S.W.2d 221 (1992).

■ But, in addition, this court has stated the law regarding correction of a sentence by the trial court when part of a sentence is erroneous:

> However, when there is an error in one portion of an individual sentence, as here, the courts view the sentence as an indivisible totality and if modification is required, the court may on resentencing impose any sentence it could have lawfully imposed at the outset. *People v. Wilson*, 315 N.W.2d 423 (Misc. App. 1981); *Herring v. State*, 411 So.2d 966 (Fla. 1982); *People v. Gillette*, 304 N.Y.S.2d 296 (1969).

---

[2] The trial court acknowledged, as we do, that Meadows's offense occurred before the effective date of Act 532 of 1993, which established the sentencing guidelines, and was, therefore, not controlling.

*Campbell* v. *State*, 288 Ark. 213, 217, 703 S.W.2d 855, 857-858 (1986).

■ Ordinarily, once a valid sentence has been placed in execution, the trial court has no authority to change it. *Hodge* v. *State*, 320 Ark. 31, 894 S.W.2d 927 (1995); *Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987). But with respect to an illegal sentence, the trial court has the authority to correct it even after it has been placed in execution. *Hodge* v. *State, supra*; *Chenowith* v. *State*, 26 Ark. App. 256, 763 S.W.2d 103 (1989). In *Chenowith*, eight sentences were originally imposed to be served concurrently, but each sentence exceeded the maximum permissible range of punishment. Thus, the sentences were invalid. Because modification of the sentences was required, the Court of Appeals held that the trial court had the authority on resentencing to impose any sentence it could have imposed at the outset.

■ The same holds true in the instant case. We remanded the case in *Meadows I* for resentencing and not for the limited purpose of changing the language of the suspension from "execution" to "imposition." We remarked in *Meadows I* that our cases held that resentencing was appropriate for an illegal sentence, even after the sentence had been partially executed. Furthermore, at the resentencing hearing, Meadows's counsel acknowledged that the trial court could consider all punishments which the court originally had available to it. The trial court then took note of Meadows's failure to comply with the conditions of the first sentence, which led to a sentence of a term of years. For all of these reasons, we find no fault in the trial court's assessed punishment.

■ The State raises a final point. According to the State, the new judgment prescribes a prison term and then a ten-year suspension conditioned on restitution, law-abiding conduct, and his reporting to a probation officer and paying a supervision fee. The State contends that this smacks of probation rather than a suspended sentence and that this court has stated that a period of probation may not follow a term of imprisonment. *See Bangs* v. *State*, 310 Ark. 235, 835 S.W.2d 294 (1992). We decline to address the issue of whether the State's interpretation of the *Bangs* decision is correct because Meadows did not raise the argument to the trial court and has not raised it on appeal. *See Bilderback* v. *State*, 319 Ark. 643, 893 S.W.2d 780 (1995). Of course, Meadows has the option of challenging any portion of his sentence which he contests as illegal in a post-conviction proceeding. *Id.*

Affirmed.

DUDLEY, J., not participating.