STATE of Arkansas *v.* Timothy Mark STEPHENSON
and Jonathan Fries

CR 99-967                                              9 S.W.3d 495

Supreme Court of Arkansas
Opinion delivered January 27, 2000

230

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.*, Ass't Att'y Gen., for appellant.

*Frank Shaw*, for appellee.

ANNABELLE CLINTON IMBER, Judge. Appellees, Timothy Mark Stephenson and Jonathon Fries, were convicted of possession of a controlled substance with intent to deliver, and simultaneous possession of drugs and firearms. Each appellee was originally sentenced by the trial court to a term of ten years' imprisonment on the simultaneous-possession charge. Upon motion by the appellees, the trial court set aside their respective sentences and entered amended orders of conviction, in which it sentenced each appellee to ten years' imprisonment, but suspended the sentences conditioned upon the successful completion of other

requirements. The State appeals from the trial court's decision to amend the appellees' sentences, asserting that the suspended sentences were unauthorized and illegal. We agree and therefore reverse.

■■■ The State appeals pursuant to Ark. R. App. P.—Crim. 3(b) and (c) (1999), which authorizes review when the Attorney General, after inspecting the trial record, is satisfied that error has been committed to the prejudice of the State and that the correct and uniform administration of the criminal law requires such review. We accept appeals by the State when our holding would be important to the correct and uniform administration of Arkansas criminal law. Ark. R. App. P.—Crim. 3(c); *see also, State v. Stephenson*, 330 Ark. 594, 955 S.W.2d 518 (1997). We have previously held that "sentencing and the manner in which such punishment provisions can be imposed arise in every criminal case where a conviction is obtained, and the application of these statutory sentencing procedures to convict defendants requires uniformity and consistency." *State v. Freeman*, 312 Ark. 34, 846 S.W.2d 660 (1993). Likewise, it is well settled that the State may appeal the imposition of a void or illegal sentence by the trial court. *See, e.g., State v. Kinard*, 319 Ark. 360, 891 S.W.2d 378 (1995); *State v. Rodriques*, 319 Ark. 366, 891 S.W.2d 63 (1995); *State v. Brummett*, 318 Ark. 220, 885 S.W.2d 8 (1994). Thus, we accept jurisdiction of this appeal.

The relevant facts are not in dispute. On April 13, 1999, the appellees were found guilty of possession of a controlled substance with intent to deliver, a Class B felony, in violation of Ark. Code Ann. § 5-64-401 (Repl. 1997), and simultaneous possession of drugs and firearms, a Class Y felony, in violation of Ark. Code Ann. § 5-74-106 (Repl. 1997). The trial court originally sentenced each appellee to probation on the Class B felony charge, and to ten years' imprisonment in the Arkansas Department of Correction on the Class Y felony charge. The appellees then filed motions to set aside verdict and sentence, in which they urged the trial court to impose a sentence of years on the Class Y felony charge, but suspend "all or a portion thereof." After a hearing on the motions, the trial court amended each appellee's sentence in amended orders of conviction which state in pertinent part as follows:

> The Court finds that on the Simultaneous Possession of Drugs and Firearms charge a sentence for a period of 10 years in the Arkansas Department of Correction shall be imposed but suspended upon successful completion of other requirements, terms and conditions contained in this order.

On June 23, 1999, the trial court filed amended judgment and disposition orders in accordance with its amended orders of conviction. The State contends that the amended sentences on the Class Y felony charge of simultaneous possession are illegal and void.

In Arkansas, sentencing is entirely a matter of statute. *Meadows v. State*, 320 Ark. 686, 899 S.W.2d 72 (1995). Accordingly, sentencing may not be other than in accordance with the statute in effect at the time of the commission of the crime. *Id.* Where the law does not authorize the particular sentence pronounced by a trial court, that sentence is unauthorized and illegal, and the case must be reversed and remanded. *Id.*

When a defendant is convicted of a Class Y felony, the General Assembly has specifically provided that a trial court shall not suspend imposition of sentence as to a term of imprisonment or place the defendant on probation. Ark. Code Ann. § 5-4-104(e)(1)(A)(iii) (Repl. 1997); *see also* Ark. Code Ann. § 5-4-301(a)(1)(C) (Supp. 1999). Furthermore, section 5-4-104(e)(1)(B)(ii) (Repl. 1997) prohibits a trial court from suspending execution of sentence. When a sentence is pronounced and then suspended, the trial court has suspended execution of sentence. *Meadows v. State, supra; Lewis v. State,* 336 Ark. 469, 986 S.W.2d 95 (1999).

Here, the appellees were convicted of simultaneous possession of drugs and firearms, a Class Y felony. Ark. Code Ann. § 5-74-106(b)(Repl. 1997). The trial court was therefore mandated by the General Assembly to sentence the appellees to a term of imprisonment of "not less than ten (10) years and not more than forty (40) years, or life." Ark. Code Ann. §§ 5-4-104(c), 5-4-401 (Repl. 1997). The trial court had no statutory authority to suspend the imposition of sentence or to suspend execution of sentence. Ark. Code Ann. §§ 5-4-104(e)(1)(A)(iii), 5-4-104 (e)(1)(B)(ii). Because the trial court exceeded its statutory authority by imposing and suspending each appellee's ten-year sentence, we must reverse and remand. In doing so, we instruct the trial court to reinstate its

original sentences of ten years' imprisonment on the Class Y felony charge of simultaneous possession of drugs and firearms.

Reversed and remanded.