Terri L. BAGWELL *v.* STATE of Arkansas

CR 00-208                                        53 S.W.3d 520

Supreme Court of Arkansas
Opinion delivered September 13, 2001

*James E. Hensley, Jr.,* for appellant.

*Mark Pryor*, Att'y Gen., by:  *Leslie Fisken*, Ass't Att'y Gen., for appellee.

R OBERT L. BROWN, Justice. This appeal concerns the jurisdiction of a circuit court to modify the criminal sentence of appellant Terri L. Bagwell after it had been placed into execution.  More specifically, it concerns the applicability of Act 1569 of 1999, now codified at Ark. Code Ann. §§ 5-4-301, 5-4-303, 5-4-304, 5-4-306 (Supp. 1999), and whether it applies to offenses that occurred in 1997.  We hold that Act 1569 does not apply to the facts of this case.  We further hold that the circuit court lacked jurisdiction over Bagwell to modify the original sentence, and we reverse and remand.

The facts are these. On October 6, 1997, Bagwell was charged with possessing drug paraphernalia, a Class "C" felony, and possession of marijuana, a Class "A" misdemeanor.  The offense date for both offenses was October 2, 1997.  On October 17, 1997, she was charged for the same two offenses, with a second offense date — October 6, 1997.

On June 3, 1998, Bagwell pled *nolo contendere* to the two felony counts of possession of drug paraphernalia and the two misdemeanor counts of possession of marijuana.  In her Plea Statement, she agreed to a five-year suspended sentence and a fine of $500.  On that same date, she executed the Terms and Conditions of Suspended Sentence with the circuit court wherein she agreed to that suspended sentence and fine as well as payment of court costs of $150, drug rehabilitation, payment of the costs and fine at a rate of $50 per month beginning sixty days after completion of drug rehabilitation, fifty hours of community service, and regular reporting to her probation officer.  Also on June 3, 1998, the circuit court entered an order restricting her driving privileges for six months. On June 19, 1998, the court entered its Judgment and Disposition Order, sentencing Bagwell to five years suspended and one-year probation on each of the two felonies and one-year suspended and one-year probation on each of the two misdemeanors.

On September 17, 1998, the prosecuting attorney filed a petition to revoke and/or show cause.  In that petition, the prosecutor alleged that as of that date, Bagwell had failed to attend drug counseling as ordered by the court.  Accordingly, the prosecutor asserted that Bagwell had violated the terms and conditions of her suspended sentence.  On November 13, 1998, the prosecutor filed an amended petition to revoke and/or show cause, stating the same

grounds but adding that on October 30, 1998, Bagwell's probation officer had requested a petition to revoke due to her failure to report, failure to pay fees, and failure to follow the rules as ordered. After two continuances, the circuit court held a hearing on the petition to revoke on July 6, 1999. At the hearing, Delores Biocic, Bagwell's parole/probation officer, testified that she had failed to complete a residential drug treatment program, failed to report, and failed to complete an intensive twelve-step program. Bagwell testified that she stopped reporting to the twelve-step program because she was not "feeling good." She stated that she had several cysts on her ovaries and was to have surgery. She further testified that she was diagnosed a year before and had been in constant pain. She stated that the reason she failed to complete the residential rehabilitation program was due to the fact that she had no one to watch her dog.

At the conclusion of the hearing, the circuit court ruled as follows:

> The Court finds that the State has shown by a preponderance of the evidence that you have violated the terms and conditions of your suspended sentence. What the Court is going to do is leave the suspended sentence in force and effect, which will give you an opportunity to take some other steps somewhere down the line in your life, but the Court is going to sentence you to the Regional Punishment Facility. You are sentenced to — I believe the maximum time I can do that is a hundred and twenty (120) days, and that is what I'm going to do. I'm going to sentence you to a hundred and twenty (120) days at the Regional Punishment Facility and your suspended sentence will, however, remain in effect.

Bagwell appealed the circuit court's ruling to the court of appeals as a no-merit appeal. The court of appeals ordered briefing on the effect of Act 1569 of 1999, which empowers a circuit court to modify an executed sentence, on this court's prior case law. The court of appeals then certified the matter to this court for determination.

The issue for this court to resolve is whether the circuit court had jurisdiction over Bagwell on July 6, 1999, to enter an additional sentence against her of 120 days in the Regional Punishment Facility. Bagwell contends that Act 1569 was effective on April 15, 1999, which was long after her offenses were perpetrated and long after her sentence had been put into execution. Thus, according to her theory, the circuit court was without jurisdiction over her to

modify her sentence. The State replies that Act 1569 did not change the sentencing statute. Moreover, the State argues that Act 1569 was in effect on July 6, 1999, when the circuit court modified the sentence. Thus, it contends, there was no retroactive application of the Act.

■■ Act 1569, which, again, was effective as of April 15, 1999, amended § 5-4-301(d) to empower circuit courts to modify original sentences, following revocation hearings, up to the limits set in §§ 5-4-303, 5-4-304, and 5-4-306. This court has long held that a trial court loses jurisdiction to modify or amend an original sentence once that sentence is put into execution. *See Pike v. State*, 344 Ark. 478, 40 S.W.3d 795 (2001); *Dehart v. State*, 312 Ark. 323, 849 S.W.2d 497 (1993); *Jones v. State*, 297 Ark. 485, 763 S.W.2d 81 (1989) (citing *Toney v. State*, 294 Ark. 473, 743 S.W.2d 816 (1988); *Redding v. State*, 293 Ark. 411, 738 S.W.2d 410 (1987)). We have referred to the jurisdiction lost as subject-matter jurisdiction with respect to defendant's sentence. *See Pike v. State, supra*. We have further held that a plea of guilty, coupled with a fine and a suspension of imposition of sentence of imprisonment constitutes a conviction. *See id*. (citing *David v. State*, 286 Ark. 205, 691 S.W.2d 133 (1985)). Our holdings are in accord with statutory law. *See* Ark. Code Ann. § 5-4-301(d) (Repl. 1997, Supp. 1999).

■■ In the case of *Harmon v. State*, 317 Ark. 47, 876 S.W.2d 240 (1994), this Court reaffirmed its prior holdings and held that a plea of guilty, coupled with a fine, and a suspended imposition of sentence, constituted a conviction, which deprived the circuit court of jurisdiction over the defendant to amend or modify a sentence after it had been placed into execution. We held to the same effect in *McGhee v. State*, 334 Ark. 543, 975 S.W.2d 834 (1998).[1] As a result, the issue before us is one of jurisdiction. Jurisdiction was not raised by Bagwell in circuit court, but a circuit court's loss of jurisdiction to modify a sentence can be raised by this court on our own motion. *See Jones v. State, supra*.

■■ We hold that because Act 1569 was not in effect at the time the crime was committed, it cannot be invoked by the State to apply to the facts of this case. *See Meadows v. State*, 320 Ark. 686, 899 S.W.2d 72 (1995); *State v. Galyean*, 315 Ark. 699, 870 S.W.2d 706 (1994); *State v. Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993).

---

[1] The Emergency Clause of Act 1569 of 1999 specifically makes reference to our holding in *McGhee v. State, supra*.

Thus, the circuit court had no jurisdiction to modify its original sentence which had been executed. We further observe that Act 1569 did not contain a clause stating that the Act would take effect retroactively. In the absence of such a clause, we have held that we will apply an Act prospectively only. *See State v. Galyean, supra; State v. Murphy*, 315 Ark. 68, 864 S.W.2d 842 (1993). Finally, we note that the constitutionality of Act 1569 was not raised as an issue in this case, and, for that reason, we do not address it.

We reverse and remand this case with instructions to vacate the 120-day sentence in the Regional Punishment Facility. The original Judgment and Disposition Order of June 19, 1998, will remain in full force and effect.

Reversed and remanded.