Raymond Earl CLAMPET *v.* STATE of Arkansas

CR 02-387                                    99 S.W.3d 414

Supreme Court of Arkansas
Opinion delivered March 6, 2003

*Kristin Pawlik*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

TOM GLAZE, Justice. This appeal was certified to us from the court of appeals so that we can once again address a trial court's authority to modify a defendant's probation under Act 346 of 1975. Appellant Raymond Clampet was charged with

first–degree criminal mischief, a Class C felony, on October 9, 1996, after he smashed out the windows on his wife's truck with a tire iron. In April of 1997, Clampet entered a plea of guilty to this charge, and the trial court sentenced him to three years' probation pursuant to Act 346 of 1975; the court also imposed $500.00 "restitution in lieu of a fine," and $1,124.10 in victim restitution. The order of probation was entered on April 24, 1997.

On February 11, 1999, the State filed a petition for revocation of Clampet's probation, alleging that he had failed (1) to report to his probation officer, (2) to pay court costs and restitution as ordered, and (3) to report a change of address. On May 10, 1999, the trial court held a hearing at which it found Clampet in violation of his probation, but declined to revoke his probation. The judge stated, "However, *your Act 346 status will be revoked* and your plea of guilty accepted. You'll be found in contempt for violating the court's orders and sentenced to 120 days in jail with credit for 12 days served." (Emphasis added.) In addition, the court extended Clampet's period of probation for twenty–four additional months, and ordered him to pay the balance of what he owed on his restitution.

On July 2, 2001, the State filed another petition for revocation of probation, alleging that Clampet had failed (1) to report to his probation officer, (2) to remain in his treatment program, and (3) to report his change of address. This petition was amended in August of 2001 to add an additional allegation of committing the offenses of driving while intoxicated and driving on a suspended license. Clampet moved to dismiss the petition, based on lack of subject–matter jurisdiction, because on May 10, 1999, the court had revoked his Act 346 status and accepted his guilty plea. At a hearing on August 13, 2001, the trial court denied Clampet's motion to dismiss.

At a subsequent revocation hearing, held on August 27, 2001, Clampet admitted to part of the factual allegations contained in the revocation petition, and the trial court found him in violation of his probation, revoked it, and sentenced him to 42 months in the Department of Correction, with an additional 30

months suspended. The court gave Clampet credit for 160 days and directed that he complete a substance abuse program. From this order, Clampet brings his appeal, arguing that the trial court erred in denying his motion to dismiss the 2001 petition to revoke his probation. He argues that the court lost subject-matter jurisdiction when it previously revoked his Act 346 status.

Because Clampet was charged and placed on probation in 1996, this case is governed by the sentencing law in effect prior to the passage of Act 1569 of 1999. That Act changed the statutes governing a trial court's authority to modify or amend the terms and conditions of a defendant's probation. However, in *Bagwell v. State*, 346 Ark. 18, 53 S.W.3d 520 (2001), we declined to apply that Act retroactively, and therefore, our prior case law on the subject — including *Pike v. State*, 344 Ark. 478, 40 S.W.3d 795 (2000), and *McGhee v. State*, 334 Ark. 543, 975 S.W.2d 834 (1998) — controls.

This court has consistently held that a trial court loses jurisdiction to modify or amend an original sentence once a valid sentence is put into execution. *See, e.g., McGhee, supra; Harmon v. State*, 317 Ark. 47, 876 S.W.2d 240 (1994); *DeHart v. State*, 312 Ark. 323, 849 S.W.2d 497 (1993); *Jones v. State*, 297 Ark. 485, 763 S.W.2d 81 (1989). We have also held that a plea of guilty, coupled with a fine and either probation or a suspended imposition of sentence, constitutes a conviction, thereby depriving the trial court of jurisdiction to amend or modify a sentence that has been executed. *Pike, supra; McGhee, supra.* In the present case, the State urges that the trial court never lost jurisdiction because it never imposed a "fine," and therefore, *Pike* should not control in this case.

It is true that Judge Keith ordered Clampet to make a payment designated as a "restitution in lieu of a fine" to the Benton County Restitution fund, as well as making full restitution to the victim. However, the only statutory authority for imposing restitution in this fashion is found in Ark. Code Ann. § 16-90-307 (1987), which reads, in pertinent part, as follows:

(a) The circuit judges of each judicial district may establish a restitution fund to be administered by the circuit judge, the prosecuting attorney, or probationary agency, whichever the circuit judge shall designate.

\* \* \* \*

(c)(1) The *circuit judges may levy additional fines against criminal defendants and place the additional fine money in the restitution fund of the judicial district.*

(2) The *additional fines* shall be in an amount not to exceed the amount of the criminal penalty fine provided by law for the offense.

(3) The *additional fine money* shall be remitted to the fund, to be deposited in a depository other than the county treasurer or State Treasury.

(Emphasis added.) Although we have not previously interpreted this statute, it is clear from the emphasized language that this kind of "restitution" is comprised solely of fine money and is used to establish a "restitution fund" maintained by "additional fines." *Pike* is directly on point, and involved the same trial judge as we have before us here. In *Pike*, Eric Pike pled guilty to four counts of forgery in November of 1993; his plea was deferred under Act 346, and he was placed on three years' supervised probation. In January of 1995, the State filed a petition to revoke Pike's probation, alleging he had failed to report to his probation officer and failed to pay fines, fees, and costs. On January 30, 1995, the trial court held a probation–revocation hearing, wherein Pike admitted the allegations. The court found Pike in contempt of court and sentenced him to eighteen days in jail, with credit for eighteen days served. However, the trial court did not accept Pike's initial guilty plea or revoke his Act 346 status. The court also extended Pike's probation by two years.

In October of 1996, the State filed a second petition to revoke Pike's probation, again alleging he had violated several terms of his probation. The trial court held a second revocation hearing in September of 1997, and Pike again admitted the violations. At that time, the trial court revoked Pike's Act 346 status,

accepted his initial guilty plea on the forgery charges, ordered him to pay the balance of his fines, fees, and court costs, and found him in contempt of court, ordering him to serve 120 days in the Arkansas Department of Community Punishment. The court also extended Pike's probation for another twenty-four months.

In June of 1998, the State filed a third petition to revoke Pike's probation. This time, Pike filed a motion to dismiss the petition, citing *McGhee v. State*, 334 Ark. 543, 975 S.W.2d 834 (1998), and *Harmon v. State*, 317 Ark. 46, 876 S.W.2d 240 (1994), and arguing that the trial court had lost jurisdiction over him by entering its September 1997 order that accepted his guilty plea, revoked his Act 346 status, and executed his sentence by ordering him to pay the balance of his fines, fees, and court costs. The trial court denied Pike's motion to dismiss, and then held a third probation-revocation hearing. The court denied the State's petition to revoke, but found Pike in contempt for violating the conditions of his probation and sentenced him to 150 days in the Benton County jail.

On appeal, Pike argued that the trial court erred in finding him in contempt of court at the third revocation hearing because the court lost jurisdiction over him when it executed his sentence at the second revocation hearing by accepting his guilty plea and ordering him to pay the balance of his fines. This court agreed, holding as follows:

> We have made it clear that a trial court loses jurisdiction to modify or amend an original sentence once a valid sentence is put into execution. *E.g.*, *McGhee v. State*, 334 Ark. 543, 975 S.W.2d 834 (1998); *Harmon v. State*, 317 Ark. 47, 876 S.W.2d 240 (1994); *DeHart v. State*, 312 Ark. 323, 849 S.W.2d 497 (1993); *Jones v. State*, 297 Ark. 485, 763 S.W.2d 81 (1989). We have also held that a plea of guilty, coupled with a fine and either probation or a suspended imposition of sentence, constitutes a conviction, thereby depriving the trial court of jurisdiction to amend or modify a sentence that has been executed. *McGhee, supra; Harmon, supra; Jones, supra.*
>
> In *McGhee, supra*, the State urged us to overrule *Harmon, supra*, but we declined to do so and reversed the trial court,

adhering to our long-standing case law, which holds that a plea of guilty, coupled with a fine and a suspension of imposition of sentence of imprisonment, constitutes a conviction, and that, therefore, the court loses power to modify the original order. *McGhee, supra* (citing *Jones, supra*).

Similarly, in the present case, by the time of the third revocation hearing, the trial court had lost subject-matter jurisdiction to modify the sentence that had already been executed by the trial court's actions in revoking [Pike's] Act 346 of 1975 status, accepting his guilty plea, and ordering him to pay the balance of $866.25 in fines, fees, and court costs.

*Pike*, 344 Ark. at 484.

■ What Judge Keith did at Pike's second revocation hearing is identical to what he did in Clampet's first revocation hearing: the judge revoked Clampet's Act 346 status, accepted his initial guilty plea, and ordered him to pay the balance of his "restitution in lieu of a fine." Because that "restitution" was comprised of money that in reality constituted a fine, given the language of § 16-90-307, the judge's actions at the May 1999 revocation hearing amounted to executing Clampet's sentence. The plea of guilty, coupled with a fine and probation, constitutes a conviction, thereby depriving the trial court of jurisdiction to amend or modify a sentence that has been executed. *See Pike, supra; McGhee, supra; Baker v. State*, 318 Ark. 223, 884 S.W.2d 603 (1994) (trial court enters a conviction judgment if it sentences the defendant to pay a fine *and* places the defendant on probation); *Harmon, supra; Jones, supra* (interpreting § 5-4-301(d)(1) to mean that a guilty plea, a fine, and suspension of imposition of sentence amounts to a conviction, which, in turn, entails execution).

■ Because the valid sentence was put into execution at the May 1999 hearing, the trial court was without jurisdiction, in August of 2001, to amend or modify Clampet's sentence, and the court thus erred in denying Clampet's motion to dismiss the State's petition to revoke his probation. The trial court's denial of Clampet's motion to dismiss is therefore reversed.