Jack Earl GAVIN *v.* STATE of Arkansas

CR 02-1164                                    125 S.W.3d 189

Supreme Court of Arkansas
Opinion delivered October 16, 2003

*Keith, Miller, Butler & Webb, PLLC,* by: *Billy Bob Webb,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Katherine Adams,* Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. This is an appeal from an order of the Sebastian County Circuit Court revoking Appellant Jack Earl Gavin's suspended imposition of sentences in four criminal cases. On appeal, Appellant argues that the trial court lacked the authority to order one of his sentences to run consecutively with the other sentences. Appellant also argues that the sentences originally imposed by the trial court were illegal. This case was certified to us from the Arkansas Court of Appeals on an issue not raised by Appellant or the State. Notably, the court of appeals is concerned that in light of this court's recent holding in *Gates v. State,* 353 Ark. 333, 107 S.W.3d 868 (2003), the trial court lacked the authority to modify Appellant's sentence following the revocation by imposing an additional 114 months' suspended imposition of sentence. Our jurisdiction, therefore, is pursuant to Ark. Sup. Ct. R. 1-2(b)(2)(4) and (5). We reverse and remand.

On July 31, 1996, Appellant entered a negotiated plea of guilty to one count of failure to appear, a Class C felony, in G-CR-96-20. As a result of his plea, Appellant was sentenced to seventy-two months' suspended imposition of sentence, fined $1,000, ordered to report to a probation officer for twelve months, and pay $150 in court costs. A judgment and commitment order was subsequently entered on August 26, 1996. This order reflects that Appellant was required to make monthly installment payments of $50 toward his fine and court costs, beginning September 1, 1996.

Almost two years later, on March 4, 1998, Appellant entered a negotiated plea of *nolo contendere* in cases CR-97-539B, CR-97-581, and CR-97-599 to two counts of possession of drug paraphernalia, a Class C felony; one count of possession of methamphetamine, a Class C felony; one count of maintaining a drug premises, a Class D felony; and one count of first-degree criminal mischief, a Class C felony. The trial court sentenced Appellant to

sixty months' suspended imposition of sentence, fined him $500, ordered him to pay $1,000 in restitution and $150 in court costs, and to report to a probation officer for twelve months. A judgment and commitment order was entered on March 6, 1998. Again, this order reflects that Appellant was to make monthly installment payments of $50 toward his fine, court costs, and restitution, beginning thirty days after his release from a community punishment facility.

The State filed a petition to revoke Appellant's suspended sentences on March 22, 2000, asserting that Appellant had failed to make payments toward his fines, court costs, and restitution, but later withdrew the petition. The State filed an amended petition to revoke on January 7, 2002, again asserting that Appellant had failed to timely pay fines, costs, and restitution. Appellant failed to appear at the originally scheduled hearing on the petition, and the trial court issued an alias bench warrant for his arrest.

The trial court again held a hearing on the petition on July 30, 2002, and granted the State's petition to revoke Appellant's sentences on all four of his cases. In G-CR-96-20, the trial court sentenced Appellant to six months' imprisonment in a Regional Punishment Facility and suspended imposition of sentence for an additional 114 months. Likewise, in the remaining cases, the trial court sentenced Appellant to six months' imprisonment and suspended imposition of sentence for an additional 114 months. A judgment and commitment order was subsequently entered on August 2, 2002. Therein, the trial court ordered that G-CR-96-20 "is to be consecutive with all others that are concurrent." Just below that, however, the order states that Appellant is to serve a total time on all offenses of six months. From this order, comes the instant appeal.

Appellant raises two points on appeal. First, Appellant asserts that the trial court erred in ordering that the sentence in G-CR-96-20 was to run consecutively with the sentences in CR-97-539B, CR-97-581, and CR-97-599. Second, Appellant argues that the trial court erred in originally sentencing him to suspended imposition of sentences and ordering probation, as this constituted illegal sentences. Although not raised by Appellant, either in the trial court below or before this court on appeal, we are concerned with the trial court's revocation and subsequent modification of Appellant's suspended imposition of sentences. Specifically, it

appears that the trial court lacked jurisdiction to modify the sentences. We will address this jurisdictional issue first.

    ■ ■ As a threshold matter, we note that we are not precluded from considering the issue of the trial court's jurisdiction to modify Appellant's sentences, despite the fact that the parties have not raised the issue. As this court stated in *Lambert v. State*, 286 Ark. 408, 692 S.W.2d 238 (1985), when the issue is whether the trial court acted in excess of its authority, it becomes a question of subject-matter jurisdiction. Since the holding in *Lambert*, this court has consistently held that a trial court's loss of jurisdiction over a defendant "is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court." *Moseley v. State*, 349 Ark. 589, 597, 80 S.W.3d 325, 329 (2002); *Pike v. State*, 344 Ark. 478, 484, 40 S.W.3d 795, 799 (2001); *DeHart v. State*, 312 Ark. 323, 326, 849 S.W.2d 497, 499 (1993)(quoting *Coones v. State*, 280 Ark. 321, 322, 657 S.W.2d 553, 555 (1983)); *see also Harmon v. State*, 317 Ark. 47, 876 S.W.2d 240 (1994). In *State v. Dawson*, 343 Ark. 683, 694, 38 S.W.3d 319, 326 (2001), this court explained:

> Because jurisdiction is the power or authority of a court to hear a case on its merits, lack of subject-matter jurisdiction is a defense that may be raised at any time by either party, even for the first time on appeal. *Ibsen, supra; Young v. Smith*, 331 Ark. 525, 964 S.W.2d 784 (1998); *Ottens, supra*. Subject-matter jurisdiction also may be raised before this court on its own motion, and this court has done so in criminal cases. *See Simpson v. State*, 310 Ark. 493, 837 S.W.2d 475 (1992); *Howard v. State*, 289 Ark. 587, 715 S.W.2d 440 (1986); *Coones v. State*, 280 Ark. 321, 657 S.W.2d 553 (1983).

Thus, it is clear that in the present case we will treat the issue of whether the trial court lacked authority to modify Appellant's sentences as an issue of subject-matter jurisdiction raised by this court on its own motion.

    ■ Having established that this court may raise it, we now turn to the issue of whether Appellant's original sentences were executed and, thus, beyond the jurisdiction of the trial court. This court has long held that a trial court loses jurisdiction to modify or amend an original sentence once the sentence is put into execution. *See Pike*, 344 Ark. 478, 40 S.W.3d 795; *McGhee v. State*, 334 Ark. 543, 975 S.W.2d 834 (1998); *DeHart*, 312 Ark. 323, 849

S.W.2d 497; *Jones v. State*, 297 Ark. 485, 763 S.W.2d 81 (1989); *see also Clampet v. State*, 352 Ark. 176, 99 S.W.3d 414 (2003). This court has further held that a plea of guilty, coupled with a fine and a suspended imposition of sentence of imprisonment constitutes a conviction, thus depriving the trial court of jurisdiction to amend or modify a sentence. *Id*; *Bagwell v. State*, 346 Ark. 18, 53 S.W.3d 520 (2001); *McGhee*, 334 Ark. 543, 975 S.W.2d 834.

One of this court's leading cases regarding the issue whether a trial court loses jurisdiction once a sentence is executed is *Harmon*, 317 Ark. 47, 876 S.W.2d 240. There, the appellant pleaded guilty to a reduced, Class-A misdemeanor charge of first-degree assault against her husband. The circuit court noted that imposition of the sentence was suspended for one year conditioned upon certain factors, which included payment of a $500 fine and $107.75 court costs. After violating the terms of her suspended sentence, the circuit court ruled that the appellant's suspended sentence would remain in effect, but then modified the sentence by requiring the appellant to pay an additional $500 fine and serve two weeks in a county detention center. At issue in Harmon was whether the trial court had the authority to modify the sentences by adding the additional $500 fine and term of imprisonment. The State argued that it was a permissible modification, because the trial court had not revoked the appellant's probation, but rather had only modified it, as authorized by Ark. Code Ann. § 5-4-306(b) (Repl. 1993). This court rejected that argument and held that the trial court was deprived of jurisdiction over the appellant to amend or modify her sentence because it had been placed into execution.

This court held to the same effect in *McGhee*, 334 Ark. 543, 975 S.W.2d 834, which also involved the revocation of an appellant's probation. In that case, the appellant's probation had been previously revoked and he was sentenced to sixty days' imprisonment in the Department of Community Punishment and a term of probation following his parole. The State then attempted to revoke his probation a second time, and the trial court granted the State's petition, this time sentencing the appellant to twenty-four months' imprisonment. On appeal, this court held that the sixty-day sentence imposed as a result of the original revocation resulted in the execution of the appellant's sentence and that the trial court then lost jurisdiction to modify or amend the sentence the second time. This court also rejected the State's request that this court

overrule *Harmon*, 317 Ark. 47, 876 S.W.2d 240, noting that the policy of adhering to precedent is fundamental to the common law. *Id.*

It is true that the General Assembly, in response to this court's holdings in *Harmon* and *McGhee*, passed Act 1569, effective April 15, 1999, that amended § 5-4-301(d) (Repl. 1997) to empower circuit courts to modify original sentences of suspension or probation even though a judgment order has been entered. This court declined, however, to apply Act 1569 retroactively in *Bagwell*, 346 Ark. 18, 53 S.W.3d 520. There, the court noted that the General Assembly had made no statement regarding a retroactive application of the law; thus, it did not apply to the facts in *Bagwell*, as the appellant's crimes occurred in 1997.

The facts in *Bagwell*, 346 Ark. 18, 53 S.W.3d 520, are analogous to the case now before this court. There, the appellant was given a suspended sentence, fined, and placed on probation. The State filed a petition to revoke her suspended sentence, and the trial court granted the State's motion. The trial court then ordered that the suspended sentence would remain in place, but also ordered the appellant to serve 120 days in a Regional Punishment Facility. The appellant appealed the order to the court of appeals as a no-merit appeal, but the court of appeals ordered briefing on the issue of the trial court's power to modify the original sentence under Act 1569. Thereafter, the court of appeals certified the case to this court. Noting that the issue to be resolved was whether the trial court had jurisdiction to enter the additional sentence of 120 days, this court concluded that Act 1569 was inapplicable, because it would not be applied retroactively. This court then held that the trial court lacked jurisdiction to amend the original order because it had already been placed into execution. The case was ultimately reversed and remanded to the circuit court with an order that it vacate the 120-day sentence.

■ Because Act 1569 was not passed until well after Appellant committed the crimes that resulted in the judgments against him, it does not apply in the instant case. This court has held that sentencing in Arkansas is entirely a matter of statute. *State v. Stephenson*, 340 Ark. 229, 9 S.W.3d 495 (2000); *Meadows v. State*, 320 Ark. 686, 899 S.W.2d 72 (1995). As such, sentencing may not be other than in accordance with the statute in effect at the time of the commission of the crime. *Id.*

■ Here, Appellant was sentenced to a suspended sentence and ordered to pay a fine. Moreover, judgment and commitment orders were entered in this case, ordering Appellant to begin paying his court-ordered fines. This court has held that a sentence by a circuit court to pay a fine is put into execution when the judgment of conviction is entered. *Harmon*, 317 Ark. 47, 876 S.W.2d 240. There can be no doubt that the original orders constituted convictions; accordingly, under the precedent established in *Bagwell*, 346 Ark. 18, 53 S.W.3d 520, *McGhee*, 334 Ark. 543, 975 S.W.2d 834, and *Harmon*, 317 Ark. 47, 876 S.W.2d 240, the trial court in this case was without jurisdiction to modify Appellant's original sentences, as they were placed into execution.

■■ Having determined that the trial court lacked jurisdiction to modify Appellant's sentences, it is unnecessary to address Appellant's argument that the trial court erred in ordering that his six-month sentences were to run consecutively to one another. We do note, however, that pursuant to *Culpepper v. State*, 268 Ark. 263, 595 S.W.2d 220 (1980), a trial court may not impose probation and a suspended sentence simultaneously. While Appellant has completed his probationary period and the time on his suspended sentences has also run, we instruct the trial court on remand to modify Appellant's original sentences so that they conform with this opinion. A circuit court has jurisdiction to correct an illegal sentence even if it has been placed into execution. *Meadows v. State*, 324 Ark. 505, 922 S.W.2d 341 (1996). In this case, it is important to correct the illegal sentence so that it may be given full force and effect, as there are outstanding costs and fines still pending against Appellant.

■ Accordingly, we reverse the order of the trial court modifying Appellant's sentences in G-CR-96-20, CR-97-539B, CR-97-581, and CR-97-599, and remand this case with instructions to the trial court to correct the illegal sentences imposed on Appellant following the revocation of his suspended sentences.

Reversed and remanded.

GLAZE, J., dissents.

Tom GLAZE, Justice, dissenting. *See* my concurring opinion in *Taylor v. State* handed down this date, for the reasons for my dissent in this case.