Christopher THRONEBURY *v.* STATE of Arkansas

CA CR 02-974                                            154 S.W.3d 272

Court of Appeals of Arkansas
Division IV
Opinion delivered March 10, 2004

*William M. Pearson*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Christopher N. Thronebury pleaded guilty to multiple counts of breaking or entering and multiple counts of theft of property, and as a result he was fined $1000.00 and placed on five years' probation on May 20, 1998. On June 12, 2001, the State filed a petition to revoke Mr. Thronebury's probation, alleging various violations of his conditions. On July 31, 2001, the trial court entered a judgment stating that "the Court does not revoke probation." However, the trial court found that Mr. Thronebury had violated the terms of his probation, and as a result added the additional condition that he attend and complete an in-patient drug rehabilitation program. The July 31, 2001, judgment further ordered appellant to pay the $1000.00 fine forthwith.

The State filed another revocation petition on March 15, 2002. After a hearing, the trial court found that Mr. Thronebury violated the conditions of the terms of his probation as set out in the order entered May 20, 1998, by using controlled substances. As a result, the trial court entered a judgment on June 17, 2002, which revoked appellant's probation and sentenced him to one year in prison, as well as an additional three-year suspended imposition of sentence.

Mr. Thronebury's counsel filed a no-merit appeal from the June 17, 2002, revocation order pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals. However, in an unpublished opinion, we denied appellant's counsel's motion to be relieved and ordered rebriefing for counsel to prepare a brief, in adversarial form, to address the legality of the modification of the conditions of probation and the legality of the revocation that

resulted in this appeal. *See Thronebury v. State*, CACR 02-974 (Ark. App. June 25, 2003). Appellant's counsel has filed an adversarial brief as directed, and the State has responded. Upon consideration of the briefs presented and the applicable law, we find merit to appellant's argument and we reverse and remand.

Although Mr. Thronebury did not challenge the legality of any of the judgments below, we nonetheless may address the arguments he now raises for the first time on appeal. This is because we treat problems of void or illegal sentences similar to problems of subject-matter jurisdiction and review them even if not raised on appeal and not objected to in the trial court. *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003).

Our supreme court has held that a plea of guilty, coupled with a fine and either probation or a suspended imposition of sentence, constitutes a conviction, thereby depriving the trial court of jurisdiction to amend or modify a sentence that has been executed. *Pike v. State*, 344 Ark. 478, 40 S.W.3d 795 (2001). Act 1569 of 1999 amended Ark. Code Ann. § 5-4-301(d) to permit modifications to probated sentences that are placed into execution. However, because Act 1569 was not in effect at the time the crimes were committed by Mr. Thronebury, it does not apply to the facts of this case. *See Bagwell v. State*, 346 Ark. 18, 53 S.W.3d 520 (2001).

Pursuant to *Pike v. State, supra*, the trial court lacked jurisdiction to enter the July 31, 2001, order, which modified Mr. Thronebury's sentence by adding the additional condition that he complete a drug rehabilitation program. However, the trial court had the authority to revoke Mr. Thronebury's probation when it entered the June 17, 2002, order, because the revocation was based on a violation of a condition in the original order of probation, and not a violation of the additional condition the trial court attempted to impose through entry of the July 31, 2001, order.

While it was within the trial court's authority to revoke appellant's probation and sentence him to one year in prison, the trial court exceeded its authority by modifying the terms of the original sentence when it entered an additional three years' suspended sentence. *See Gates v. State*, 353 Ark. 333, 107 S.W.3d 868 (2003). By the provisions of Ark. Code Ann. § 5-4-309(f) (Repl. 1997), "[i]f the court revokes a suspension or probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed

originally for the offense of which he was found guilty...." The trial court could have originally imposed terms of imprisonment for the felonies to which appellant pleaded guilty. However, pursuant to our supreme court's interpretation of Ark. Code Ann. § 5-4-309(f) in *Gates v. State, supra*, the trial court lacked subject-matter jurisdiction to modify the original sentence by adding the three-year suspended imposition of sentence.

The State cites *Pierce v. State*, 70 Ark. App. 263, 86 S.W.3d 1 (2002), where we held that after the appellant's sentence of probation and a fine was put into execution, the trial court lost jurisdiction to modify the sentence, but did not lose jurisdiction to revoke the appellant's probation. We agree that the trial court did not lose jurisdiction to revoke Mr. Thronebury's probation. However, pursuant to the precedent in *Gates v. State, supra*, the imposition of the additional suspended sentence constituted an unlawful modification.

A trial court has jurisdiction to correct an illegal sentence even if it has been placed into execution. *Meadows v. State*, 324 Ark. 505, 922 S.W.2d 341 (1996). Accordingly, we reverse the June 17, 2002, order modifying appellant's sentence, and remand this case with instructions to the trial court to correct the illegal sentence imposed on appellant following the revocation of his probation. *See Gavin v. State*, 354 Ark. 425, 125 S.W.3d 189 (2003).

Reversed and remanded.

GRIFFEN and NEAL, JJ., agree.