STATE of Arkansas *v.* James Eric FOUNTAIN

CR 01-890                                           88 S.W.3d 411

Supreme Court of Arkansas
Opinion delivered October 31, 2002

438

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Ass't Att'y Gen., for appellant.

*Hatfield & Lassiter*, by: *Jack T. Lassiter*, for appellee.

RAY THORNTON, Justice. The State appeals an original and amended judgment and commitment order in which the Pulaski County Circuit Court suspended four years of the ten-year, statutory-minimum sentence for simultaneous possession of drugs and firearms of appellee, James Eric Fountain. On appeal, the State argues that by suspending four years of appellee's ten-year sentence, the trial court imposed a void or illegal sentence. On cross-appeal, appellee argues that the trial court erred in denying his motion to suppress evidence seized at his home. We have jurisdiction pursuant to Ark. Sup. Ct. R. 1-2(a)(7), as there was a previous appeal to our court. *See Fountain v. State*, 348 Ark. 359, 72 S.W.3d 511 (2002). We reverse the trial court's imposition of a suspended sentence and conclude that the trial court did not commit error in denying appellee's motion to suppress the evidence.

On February 12, 2001, the trial court found appellee guilty of simultaneous possession of drugs and firearms, a violation of Ark. Code Ann. § 5-74-106 (Repl. 1997), a class Y felony, and three other drug-related offenses. On April 23, 2001, the trial court imposed sentence on appellee based upon his conviction of simultaneous possession of drugs and firearms. At the sentencing hearing, the court stated, "So on count one in this case it'll be the judgment and sentence of the Court that you serve a term of ten years in the Arkansas Department of Correction, however, I'm going to suspend four years of that."

On April 27, 2001, the State filed a motion to reconsider the sentence, arguing that Ark. Code Ann. § 5-4-301(a)(1)(C) (Repl.

1997) prohibited the suspension of four years of appellee's sentence because appellee was convicted of a class Y felony. On May 8, 2001, appellee filed a response in which he argued that the court did not suspend imposition of his sentence or place him on probation. A hearing was held on the matter on May 14, 2002, and the trial court denied the State's motion to reconsider appellee's sentence.

On May 22, 2001, the judgment and commitment order was filed, and on June 21, 2001, an amended judgment and commitment order was filed. This amended order reflected appellee's sentence of ten years with four years suspended. From this order, the State appeals, and appellee cross-appeals on the issue of the suppression of the evidence.

For its sole allegation of error, the State argues that the trial court erred by suspending four years of appellee's ten-year sentence. Specifically, the State contends that the trial court erred by sentencing appellee to ten years' imprisonment with four years suspended, thereby effectively giving him a six-year sentence.

■ ■ The State may appeal the imposition of a void or illegal sentence by the trial court. *State v. Stephenson*, 340 Ark. 229, 9 S.W.3d 495 (2000). A sentence is void or illegal when the trial court lacks the authority to impose it. *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002). Sentencing in Arkansas is entirely a matter of statute, and the sentencing procedures pertinent here are found in Ark. Code Ann. § 5-4-101-618 (Repl. 1997). We have consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Meadows v. State*, 320 Ark. 686, 899 S.W.2d 72 (1995). Where the law does not authorize the particular sentence pronounced by the trial court, that sentence is unauthorized and illegal, and the case must be reversed and remanded. *Id.*

■ When reviewing the sentencing guidelines for a class Y felony, the courts are guided by Ark. Code Ann. § 5-4-401(a)(1) (Repl. 1997) and Ark. Code Ann. § 5-4-301(a)(1)(C) (Supp. 2001). Under Ark. Code Ann. § 5-4-401(a)(1), a defendant convicted of a class Y felony shall be sentenced to "not less than ten

(10) years and not more than forty (40) years, or life. . . [.]" *Id.*
Arkansas Code Annotated § 5-4-301(a)(1)(C) provides:

> (a)(1) A court shall not suspend imposition of sentence as to
> a term of imprisonment . . . for the following offenses:
>
>              * * *
>
> (C) Class Y felonies, except to the extent suspension of an
> additional term of imprisonment is permitted in § 5-4-104(c)[.]

*Id.*

The State cites *Stephenson, supra,* as authority that the trial
court erred by sentencing appellee to ten years' imprisonment
with four years suspended. In *Stephenson,* two appellees were con-
victed of possession of a controlled substance with intent to
deliver, a class B felony, and simultaneous possession of drugs and
firearms, a class Y felony. The trial court originally sentenced
each appellee to probation on the class B felony and ten years'
imprisonment on the class Y felony. Appellees filed motions to
set aside the verdict, and the trial court amended the order to
include the imposition of the ten-year sentence with a suspension
upon completion of other requirements. We held that the trial
court had no authority to suspend the *imposition* of a sentence *or* to
suspend the *execution* of a sentence. *Id.* (emphasis added).

Here, appellee was convicted of simultaneous posses-
sion of drugs and firearms, a class Y felony and a violation of Ark.
Code Ann. § 5-74-106 (Repl. 1997). The trial court was man-
dated to sentence appellee to a term of imprisonment of "not less
than ten (10) years and not more than forty (40) years, or life."
Ark. Code Ann. §§ 5-4-104(c), 5-4-401 (Repl. 1997). We con-
clude that the trial court exceeded its statutory authority in sus-
pending the execution of four years of appellee's ten-year,
statutory-minimum sentence. *See Stephenson, supra.*

In *Stephenson, supra,* we reversed and remanded for a
correction of the sentence. We have also determined that when a
sentence is illegal, we may correct it without reversing and
remanding. *Thomas, supra* (modifying Thomas's sentence to
reflect that his probation was not pursuant to Act 346 and that he
was not entitled to expungement provisions therein). In the case

before us, we correct appellee's sentence to reflect the statutory minimum of ten years' imprisonment.[1]

In his cross-appeal, appellee argues that the trial court erred in denying his motion to suppress evidence seized by North Little Rock police officers at his residence in Little Rock. Specifically, he contends that the North Little Rock officers acted outside their jurisdiction. He further contends that the alleged illegal search violates the Fourth Amendment of the United States Constitution, Art. 2, section 15, of the Arkansas Constitution, and Rule 13.3 of the Arkansas Rules of Criminal Procedure.

At an omnibus hearing on October 2, 2000, Detective Rick Dunaway of the North Little Rock Police Department stated that he obtained a search warrant from a North Little Rock municipal judge for the search of appellee's Little Rock home. During the search, numerous items were seized, including controlled substances and firearms. These items were introduced as evidence against appellee at trial.

At trial, an agreement was introduced into evidence. The document is called an "interagency agreement" signed by Sheriff Randy Johnson of Pulaski County on October 11, 1999. North Little Rock police chief, William P. Nolan, and North Little Rock mayor, Patrick Hays, signed the document on November 16, 1999. The document states that "the Sheriff of Pulaski County, Arkansas, grants permission for the certified law enforcement officers in good standing of the North Little Rock Police Department to exercise arrest powers as provided for in Ark. Stat. § 16-81-106 within the legal boundaries of Pulaski County." The agreement included conditions that are not at issue in the circumstances of this case.

Detective Dunaway testified that on the date of the search, he contacted the Pulaski County Sheriff's office and asked if they would send a couple of deputies to assist. He also contacted the

---

[1] We note that in *Buckley v. State*, 341 Ark. 864, 20 S.W.3d 331 (2000), we remanded and instructed the trial court to give an instruction regarding probation as an alternative sentence. Buckley raised the argument in that case. Appellant does not do so in this case.

Little Rock Police Department. Additionally, Detective Dunaway testified that he obtained the search warrant. He prepared the affidavit and signed it. He confirmed that he executed the search warrant and took evidence to the crime lab. He was also the officer in charge of the preraid briefing.

Appellee cites *Colston v. State*, 346 Ark. 503, 58 S.W.3d 375 (2001), for the proposition that the traditional concept of territorial jurisdiction for peace officers is that the local community is best served by the requirement that local officers, familiar with local neighborhoods, make arrests in the community. *Id.* While that observation is valid, we note that *Colston, supra*, was a plurality decision, and we resolve the issue presented in this case by relying upon other cases, applicable statutes, and rules of criminal procedure. *See Logan v. State*, 264 Ark. 920, 576 S.W.2d 203 (1979) (noting that a St. Francis County deputy working with a Crittenden County deputy legitimized appellant's arrest in St. Francis County).

■ In the present case, the officer had a search warrant. We note that an officer may make an arrest when the officer has a warrant for arrest, as provided by Ark. Code Ann. § 16-81-105 (1987). *See also* Ark. R. Crim. P. 4.2 (2002). Under Ark. R. Crim. P. 13.3(a), "a search warrant may be executed by any officer." *Id.* We noted in *Brenk v. State*, 311 Ark. 579, 847 S.W.2d 1 (1993) that Ark. Code Ann. § 16-82-201 (1987), which gives any judicial officer in the state the authority to issue a search warrant, does not limit the jurisdiction of the judicial officer to issue search warrants in his or her county. *Id.*

Here, the North Little Rock Police Department, the Pulaski County Police Department, and the Little Rock Police Department worked together on the case. Detective Dunaway testified to this fact when he said that he contacted the other law enforcement agencies to assist him in the case. Based upon *Logan, supra*, as well as the foregoing statutes and rules of criminal procedure, we conclude that the trial court's decision to deny the motion to suppress the evidence was proper.

■ In reviewing a ruling denying a defendant's motion to suppress, we make an independent determination based on the

totality of the circumstances and view the evidence in the light most favorable to the State. We reverse only if the trial court's ruling is clearly against the preponderance of the evidence. *Burris v. State*, 330 Ark. 66, 954 S.W.2d 209 (1997); *Wofford v. State*, 330 Ark. 8, 952 S.W.2d 646 (1997). Based upon our standard of review, we cannot say that the trial court's ruling on appellee's motion to suppress was clearly against the preponderance of the evidence.

Accordingly, we affirm the trial court's denial of appellee's motion to suppress, and we reverse the trial court's imposition of a partially suspended sentence and impose the minimum ten-year sentence required by statute as a corrected sentence.

BROWN, J., not participating.