SLIP OPINION

Cite as 2013 Ark. 425

# SUPREME COURT OF ARKANSAS

No. CR-12-1128

| | |
|---|---|
| STATE OF ARKANSAS<br><br>APPELLANT<br><br>V.<br><br>KENDRICK ROBINSON<br><br>APPELLEE | **Opinion Delivered** October 31, 2013<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-11-2859]<br><br>HONORABLE WENDELL L. GRIFFEN, JUDGE<br><br>REVERSED AND REMANDED. |

## DONALD L. CORBIN, Associate Justice

Appellant State of Arkansas brings the instant appeal from an order of the Pulaski County Circuit Court granting Appellee Kendrick Robinson's motion to suppress evidence. In its appeal, the State asserts that the circuit court erred in granting Appellee's motion to suppress evidence seized in connection with the execution of a search warrant, served simultaneously with an arrest warrant for Appellee, by Sherwood police officers on a home located outside the city limits of Sherwood. We agree and, therefore, reverse and remand.

Appellant was a suspect in an armed robbery of a Phillips 66 gas station in Sherwood that occurred on July 4, 2011. Officers from the Sherwood Police Department executed a search-and-seizure warrant, as well as an arrest warrant, on July 6, 2011, at Appellee's residence, located at 8405 Edmar Place, North Little Rock, Arkansas.[1] Appellee was taken

---

[1]Although Appellee stated that his residence was located in North Little Rock, it was revealed during a hearing on the motion to suppress that the residence is actually located

into custody and officers seized certain items, including a white baseball cap located on a table just inside the residence; a .30-30 rifle, with attached scope, located in the front room, near where Appellee was placed under arrest; an empty box of Remington .30-30 ammunition located near the couch in the front room; live ammunition and spent casings from the gun, located throughout the house; and two shirts discovered in a back bedroom.

Appellee was subsequently charged with one count each of aggravated robbery, theft of property, and possession of firearms by certain persons. Appellee filed a motion to suppress evidence, arguing that it was taken in violation of his constitutional rights under the Fourth Amendment to the United States Constitution and article 2, section 15 of the Arkansas Constitution. The State responded that suppression was not warranted because the evidence was obtained legally, as the Sherwood officers were authorized to execute the arrest warrant, as well as the search warrant, pursuant to the rules of criminal procedure.

The circuit court held a hearing on the suppression motion on February 23, 2012. At the hearing, Appellee stated that his suppression motion was based solely on his contention that the officers from the Sherwood Police Department were outside their territorial jurisdiction when they executed this search warrant and did so without any interagency agreement. Appellee relied on this court's decision in *State v. Fountain*, 350 Ark. 437, 88 S.W.3d 411 (2002) to support his contention that, in the absence of any interagency agreement or cooperation between Sherwood police and other local law enforcement

_____

within an unincorporated part of Pulaski County and therefore subject to the jurisdiction of the Pulaski County Sheriff's Office.

agencies, Sherwood police improperly executed the search warrant, which, in turn, required the court to suppress the evidence seized as a result thereof. The State countered that *Fountain* did not establish such a bright-line rule. The State further argued that the decision in *Fountain* supported a conclusion that the evidence was legally obtained because, in this case, there was both a valid arrest warrant, and a valid search-and-seizure warrant.

Following a hearing on the motion, the circuit court granted the motion, thereby suppressing the evidence seized from Appellee's residence. The State timely appealed this order, but this court dismissed the appeal. The circuit court subsequently entered a written order on October 29, 2012, that reflected its prior oral ruling to grant the motion to suppress. The State now brings the instant interlocutory appeal.

For its first argument on appeal, the State asserts that the circuit court erred in ruling as a matter of law that the evidence seized as a result of an extraterritorial execution of a valid search warrant must be suppressed by concluding that the execution of the warrant was per se unreasonable because it was not executed in cooperation with local law enforcement. Appellee counters that the circuit court properly suppressed the evidence because it was the result of an invalid execution of the search warrant.

As a threshold matter, we must address whether this is a proper appeal by the State. Unlike the right of a criminal defendant to bring an appeal, the State's right to appeal is limited to the provisions of Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal (2013). *State v. Colvin*, 2013 Ark. 203, ___ S.W.3d ___. Under this rule, we accept appeals by the State when our holding would be important to the correct and uniform administration

of Arkansas criminal law. *State v. Hardiman*, 353 Ark. 125, 114 S.W.3d 164 (2003). Where an appeal by the State fails to present an issue of interpretation of the criminal rules with widespread ramifications, this court has held that such an appeal does not involve the correct and uniform administration of the law. *State v. Williams*, 348 Ark. 585, 75 S.W.3d 684 (2002). Where the resolution of the issue on appeal turns on the facts unique to the case or involves a mixed question of law and fact, the appeal is not one requiring interpretation of our criminal rules with widespread ramifications, and the matter is not appealable by the State. *Id*. Finally, where an appeal raises an issue of the application, and not interpretation, of a criminal rule or statutory provision, it does not involve the correct and uniform administration of the criminal law and is not appealable by the State under Rule 3. *Id*.

The issue presented in this case is whether the circuit court erred in finding that it was per se unreasonable for officers to execute an extraterritorial search warrant without the cooperation of local law enforcement. More specifically, the State asserts that the circuit court erred in its interpretation of the applicable criminal procedural rules and this court's precedent in *Fountain*, 350 Ark. 437, 88 S.W.3d 411, as well as the two cases relied on by the court in *Fountain*: *Colston v. State*, 346 Ark. 503, 58 S.W.3d 375 (2001) and *Logan v. State*, 264 Ark. 920, 576 S.W.2d 203 (1979). The material facts surrounding the execution of the warrant are not in dispute; thus, the question presented is purely a legal one and presents a proper issue for an appeal by the State.

On review of a suppression challenge, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and

determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court. *State v. Tyson*, 2012 Ark. 107, 388 S.W.3d 1.

We turn now to the State's argument that the circuit court erred in granting the suppression motion. In support of this argument, the State asserts that the circuit court erred in interpreting *Fountain* as establishing a bright-line rule, which requires officers to have interagency cooperation within the jurisdiction of execution of a search warrant. According to the State, it is notable that in *Fountain* the court considered a combination of statutes, rules of criminal procedure, case law, and facts in applying a totality-of-the-circumstances review to conclude that the search was reasonable. The State argues that the circuit court in this instance, while stating that it had considered the totality of the circumstances, actually based its decision on one factor, namely, the requirement of interagency cooperation and, thus, erred as a matter of law in granting the motion to suppress. Appellee counters that there is no Arkansas statute, court rule, or appellate court decision that specifically allows a police officer from a municipality to execute a search warrant outside his territorial jurisdiction, acting by himself.[2]

---

[2]In his brief to this court, Appellee asserts that this court should affirm the order of suppression, as he is afforded greater protection under article 2, section 15. The State then focuses on this article 2, section 15 argument in its reply brief. We decline to address the specific argument that greater protection is afforded under the Arkansas Constitution because such an argument was not argued to, or ruled upon by, the circuit court. This court has repeatedly stated it will not address arguments, even constitutional arguments, raised for the first time on appeal. *Dowty v. State*, 363 Ark. 1, 210 S.W.3d 850 (2005).

After Appellee filed his motion to suppress evidence, the circuit court held a hearing on the motion. At the conclusion of the hearing, the circuit court announced that it was granting Appellee's motion, stating as follows:

> Based upon the totality of the circumstances, the Court finds that the search in this instance does not comport with the requirements of an interagency agreement so as to respect the concept of territorial jurisdiction of peace officers and the Court finds that the conduct of the law enforcement agency, the Sherwood Police Department in this instance, is not consistent with the traditional notions of reasonableness which underlie the [F]ourth [A]mendment.

In its written order, the circuit court ruled that in order for the Sherwood police officers to validly execute the search warrant it was necessary for them to either have an interagency agreement or officers from the other jurisdiction present at the time of the execution of the search warrant. We agree with the State that the circuit court improperly interpreted *Fountain* as requiring interagency cooperation.

> The Fourth Amendment provides that
>
> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . . The Amendment guarantees the privacy, dignity, and security of persons against certain arbitrary and invasive acts by officers of the Government or those acting at their direction.

*Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 613–14 (1989). However, only those searches and seizures that are deemed unreasonable are proscribed by the Fourth Amendment. *Id.* What is reasonable "depends on all of the circumstances surrounding the search or seizure and the nature of the search and seizure itself." *Id.* at 619 (quoting *United States v. Montoya de Hernandez*, 473 U.S. 531, 537 (1985)). "Thus, the permissibility of a particular law enforcement practice is judged by balancing its intrusion on the individual's Fourth

6

SLIP OPINION

Amendment interests against its promotion of legitimate governmental interests." *Delaware v. Prouse*, 440 U.S. 648, 654 (1979).

Clearly the touchstone principle in any Fourth Amendment analysis is reasonableness, and in making a reasonableness determination it is necessary for a court to consider the totality of the circumstances. *See Benavidez v. State*, 352 Ark. 374, 101 S.W.3d 242 (2003); *see also Ohio v. Robinette*, 519 U.S. 33 (1996) (stating that reasonableness is measured in objective terms by examining the totality of the circumstances). No such analysis occurred in this case. The State is correct that although the circuit court mentions "totality of the circumstances," its ultimate decision was based on the singular factor that there was no interagency cooperation or agreement in place. Contrary to the circuit court's finding, there is no rule of criminal procedure, statute, or case law establishing a bright-line rule that in order for a police officer to execute a search warrant outside his jurisdiction there must be an interagency agreement or interagency cooperation to validate the search. This court's opinion in *Fountain*, 350 Ark. 437, 88 S.W.3d 411, certainly does not stand for this proposition.

In that case, the appellant brought a cross-appeal, arguing that the circuit court erred in denying his motion to suppress evidence seized from his home in Little Rock by officers from the North Little Rock Police Department because the officers acted outside their jurisdiction. This court affirmed the circuit court's denial of the motion to suppress and specifically rejected the appellant's argument that, under *Colston*, 346 Ark. 503, 58 S.W.3d 375, the traditional concept of territorial jurisdiction for peace officers is that a local community is best served by the requirement that only local officers make arrests in the

community. In so doing, this court concluded that the issue was best resolved by relying on other cases, applicable statutes, and rules of criminal procedure, and noted as follows:

> In the present case, the officer had a search warrant. We note that an officer may make an arrest when the officer has a warrant for arrest, as provided by Ark. Code Ann. § 16-81-105 (1987). *See also* Ark. R. Crim. P. 4.2 (2002). Under Ark. R. Crim. P. 13.3(a), "a search warrant may be executed by any officer." *Id.* We noted in *Brenk v. State*, 311 Ark. 579, 847 S.W.2d 1 (1993) that Ark. Code Ann. § 16-82-201 (1987), which gives any judicial officer in the state the authority to issue a search warrant, does not limit the jurisdiction of the judicial officer to issue search warrants in his or her county. *Id.*

*Fountain*, 350 Ark. at 443, 88 S.W.3d at 415. The State is correct that the court in *Fountain* considered several areas of the law in determining that the circuit court properly denied the motion to suppress. While it is true that there was evidence that an officer from the North Little Rock Police Department contacted the Little Rock Police Department prior to the execution of the warrant, the opinion is silent as to whether any Little Rock officers were actually present during the execution of the search warrant. More importantly, this court's analysis of the underlying issue did not hinge on this singular factor; rather, the court in *Fountain* considered the totality of the circumstances to conclude that the execution of a search warrant by North Little Rock officers at a residence in Little Rock was permissible.

Looking at the totality of the circumstances in this case, we conclude that the circuit court erred in granting Appellee's motion to suppress because it was not per se unreasonable for the Sherwood officers to execute this search warrant. Pursuant to Arkansas Code Annotated § 16-82-201 (Repl. 2005), any judicial officer has the authority to issue a search warrant directed to any person or place in Arkansas. Here, it is undisputed that the search

warrant was properly issued by a judge in the Sherwood District Court of Pulaski County. Rule 13.3(a) of the Arkansas Rules of Criminal Procedure plainly states that a search warrant may be executed by any officer. The officers in this case were the ones investigating the robbery and were the ones who obtained the information used to secure both the search warrant and the arrest warrant. There was no dispute regarding the validity of either warrant, as the dispute related solely to the execution of the search warrant. There was nothing to indicate that the Sherwood police purposefully avoided notifying other law enforcement agencies. Accordingly, under the totality of the circumstances and in view of the applicable statutory authority, court rules, and our case law, we cannot say that the execution of the search warrant was per se unreasonable such that it warranted suppression of the evidence seized.

Because of our resolution of the State's first argument, it is not necessary to address its alternative argument that this was a valid search incident to arrest.

Reversed and remanded.

BAKER and HART, JJ., dissent.

**KAREN R. BAKER, Justice, dissenting.** While I agree with the majority that we must address whether this is a proper appeal by the State as a threshold matter, I disagree with the majority's holding on that issue. Because the issues brought on appeal by the State are not important to the correct and uniform administration of the criminal law, the matters before us do not constitute a proper State appeal. Accordingly, we do not have jurisdiction, and I would dismiss the appeal.

SLIP OPINION

SLIP OPINION

The majority holds that this case presents a proper issue for an appeal by the State because the material facts are undisputed. Thus, the majority states, the question presented is a purely legal one. I disagree. The State presents two points on appeal. The first argument the State makes is not preserved for our review and the second argument is not a proper issue for a State appeal.

We accept appeals by the State when our holding would be important to the correct and uniform administration of the criminal law. *State v. Nichols*, 364 Ark. 1, 216 S.W.3d 114 (2005). The provisions of the rule dealing with the correct and uniform administration of criminal law are jurisdictional. *City of Little Rock v. Tibbett*, 301 Ark. 376, 784 S.W.2d 163 (1990). Where an appeal does not present an issue of interpretation of the criminal rules with widespread ramifications, the appeal does not involve the correct and uniform administration of the law. *State v. Mancia-Sandoval*, 2010 Ark. 134, 361 S.W.3d 835. Similarly, where the resolution of the issue on appeal turns on facts unique to the case or involves a mixed question of law and fact, the appeal is not one requiring interpretation of our criminal rules with widespread ramification, and the matter is not appealable by the State. *Id.* Stated another way, this court will only accept appeals by the State when its holding will establish a precedent that will be important to the correct and uniform administration of justice. *State v. Fuson*, 355 Ark. 652, 144 S.W.3d 250 (2004).

The State's first point on appeal is that the circuit court erred as a matter of law by suppressing evidence discovered following the extra-territorial execution of a valid search warrant. The State makes this argument for the first time on appeal. As the record

10

demonstrates, the State conceded before the circuit court that a search warrant alone could not be executed without cooperation of local law enforcement. The record reflects the following colloquy:

THE COURT: Sherwood says, "We don't have a warrantless search. We've got a search warrant," and here's my problem, and I keep couching it "a problem." What is the protection offered to a person outside of Sherwood from having Sherwood police officers just roll up onto their property any time they get ready to if they can get a judge to issue a search warrant?

PROSECUTING ATTORNEY: Well, Your Honor, I would argue that they could not do that without an arrest warrant as well. They can't go there without an interagency agreement or the cooperation of another agency with a search warrant alone. That's not my argument, that they can go alone. My argument is with a valid arrest warrant and a search warrant, that they can go and that all of the search is valid based upon that.

It is clear from the colloquy that the State expressly did not make the argument before the circuit court that it now asserts as a basis for this court's jurisdiction under Rule 3. We do not consider arguments made for the first time on appeal. *See State v. Grisby*, 370 Ark. 66, 257 S.W.3d 104 (2007); *Jones v. State*, 374 Ark. 475, 288 S.W.3d 633 (2008).[1] The State

---

[1]While in both of these cases this court indicated that jurisdiction was proper under Rule 3, the court did not consider the State's argument as it was argued for the first time on appeal. Both cases involved a single narrow issue on appeal, which was not preserved for appellate review. However, to the extent that the cases indicate that an issue that was not argued below can be the jurisdictional basis for a State appeal under Rule 3, they are in error and I would overrule them.

has failed to produce a record on appeal that demonstrates that it made this argument below. Accordingly, the State cannot satisfy the requirement of Rule 3(d) that the correct and uniform administration of the criminal law requires our review of this appeal. *See State v. Brewster*, 2011 Ark. 530, 385 S.W.3d 844.

It is apparent that this court allows the State more leeway in the preservation of arguments than it does the defense. In *Riley v State*, 2012 Ark. 462, this court stated that defense counsel did not preserve an argument where Riley objected, raised the particular issue to the circuit court, cited the appropriate rule of evidence, and cited the case on point. However, in this case, the majority holds that the State preserved the argument for our review, even though the State specifically denied that it was making that argument.

Because we cannot consider the State's argument on this point, our holding would not establish a precedent that would be important to the correct and uniform administration of justice. Therefore, it is not a proper issue for a State appeal.

For it's second point on appeal, the State asserts that the circuit court erred as a matter of law by holding that evidence was not admissible under the search-incident-to-arrest exception to the warrant requirement. This also is not a proper issue for a State appeal, for two reasons. First, the holding would not be important to the correct and uniform administration of law. Our law on the matter of a search-incident-to-arrest is well-settled. *See* Ark. R. Crim. P. 12.5; *Gaylor v. State*, 284 Ark. 215, 681 S.W.2d 348 (1984). Thus, our holding on this issue would not establish a precedent that will be important to the correct and uniform administration of justice. Second, while the majority states that the question

12

presented is a purely legal one, this point on appeal turns on a mixed question of law and fact. It is an issue of the application, not interpretation, of a criminal rule or statutory provision. For these reasons, this point does not involve the correct and uniform administration of the criminal law and is not appealable by the State under Rule 3(c). *Mancia-Sandoval*, *supra*.

The circuit court found that under the totality of the circumstances, the items seized from Robinson's home were not obtained as a search incident to an arrest. The circuit court based this finding on testimony that the search warrant was served at 8:36 PM and the arrest warrant was served at 8:45 PM.

This court does not accept State appeals that concern the circuit court's factual determinations. In *Nichols*, for example, this court refused jurisdiction over an appeal by the State when the underlying issue was whether exigent circumstances compelled a warrantless entry into the appellees' home. This court held that jurisdiction was improper under Rule 3 for two reasons. First, the circuit court's decision to exclude the evidence obtained from the warrantless search necessarily turned on the circuit court's determination of the credibility of the officer. This court, of course, does not weigh or decide the credibility of witnesses. Second, we noted that the issues surrounding the entry were mixed questions of law and fact and that this court does not accept appeals by the State involving such mixed questions.

Here, the circuit court's decision turned upon testimony regarding the time that the search warrant was executed and the time that the arrest warrant was executed, as well as whether the search preceded the arrest. As these are questions of fact to which the circuit

court applied the law, this point on appeal does not involve the correct and uniform administration of the law.

Because the State's points on appeal do not involve the correct and uniform administration of the law, we do not have jurisdiction over this State appeal. I would dismiss the appeal.

HART, J., joins.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellant.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellee.

SLIP OPINION