DONALD L. CORBIN, Justice. 11 Appellant State of Arkansas brings the instant appeal from an order of the Pulaski County Circuit Court granting Appellee Kendrick Robinson’s motion to suppress evidence. In its appeal, the State asserts that the circuit court erred in granting Appellee’s motion to suppress evidence seized in connection with the execution of a search warrant, served simultaneously with an arrest warrant for Appellee, by Sherwood police officers on a home located outside the city limits of Sherwood. We agree and, therefore, reverse and remand. Appellant was a suspect in an armed robbery of a Phillips 66 gas station in Sherwood that occurred on July 4, 2011. Officers from the Sherwood Police Department executed a search-and-seizure warrant, as well as an arrest warrant, on July 6, 2011, at Appellee’s residence, located at 8405 Edmar Place, North Little Rock, Arkansas.[1] Appellee was taken pinto custody and officers seized certain items, including a white baseball cap located on a table just inside the residence; a .30-30 rifle, with attached scope, located in the front room, near where Appellee was placed under arrest; an empty box of Remington .30-30 ammunition located near the couch in the front room; live ammunition and spent casings from the gun, located throughout the house; and two shirts discovered in a back bedroom. Appellee was subsequently charged with one count each of aggravated robbery, theft of property, and possession of firearms by certain persons. Appellee filed a motion to suppress evidence, arguing that it was taken in violation of his constitutional rights under the Fourth Amendment to the United States Constitution and article 2, section 15 of the Arkansas Constitution. The State responded that suppression was not warranted because the evidence was obtained legally, as the Sherwood officers were authorized to execute the arrest warrant, as well as the search warrant, pursuant to the rules of criminal procedure. The circuit court held a hearing on the suppression motion on February 23, 2012. At the hearing, Appellee stated that his suppression motion was based solely on his contention that the officers from the Sherwood Police Department were outside their territorial jurisdiction when they executed this search warrant and did so without any interagency agreement. Appellee relied on this court’s decision in State v. Fountain, 350 Ark. 437, 88 S.W.3d 411 (2002) to support his contention that, in the absence of any interagency agreement or cooperation between Sherwood police and other local law enforcement |sagencies, Sherwood police improperly executed the search warrant, which, in turn, required the court to suppress the evidence seized as a result thereof. The State countered that Fountain did not establish such a bright-line rule. The State further argued that the decision in Fountain supported a conclusion that the evidence was legally obtained because, in this ease, there was both a valid arrest warrant, and a valid search-and-seizure warrant. Following a hearing on the motion, the circuit court granted the motion, thereby suppressing the evidence seized from Ap-pellee’s residence. The State timely appealed this order, but this court dismissed the appeal. The circuit court subsequently entered a written order on October 29, 2012, that reflected its prior oral ruling to grant the motion to suppress. The State now brings the instant interlocutory appeal. For its first argument on appeal, the State asserts that the circuit court erred in ruling as a matter of law that the evidence seized as a result of an extraterritorial execution of a valid search warrant must be suppressed by concluding that the execution of the warrant was per se unreasonable because it was not executed in cooperation with local law enforcement. Appellee counters that the circuit court properly suppressed the evidence because it was the result of an invalid execution of the search warrant. As a threshold matter, we must address whether this is a proper appeal by the State. Unlike the right of a criminal defendant to bring an appeal, the State’s right to appeal is limited to the provisions of Rule 3 of the Arkansas Rules of Appellate Procedure — Criminal (2013). State v. Colvin, 2013 Ark. 203, 427 S.W.3d 635. Under this rule, we accept appeals by the State when our holding would be important to the correct and uniform administration of Arkansas criminal law. State v. Hardiman, 353 Ark. 125, 114 S.W.3d 164 (2003). Where an appeal by the State fails to present an issue of interpretation of the criminal rales with widespread ramifications, this court has held that such an appeal does not involve the correct and uniform administration of the law. State v. Williams, 348 Ark. 585, 75 S.W.3d 684 (2002). Where the resolution of the issue on appeal turns on the facts unique to the case or involves a mixed question of law and fact, the appeal is not one requiring interpretation of our criminal rules with widespread ramifications, and the matter is not appealable by the State. Id. Finally, where an appeal raises an issue of the application, and not interpretation, of a criminal rale or statutory provision, it does not involve the correct and uniform administration of the criminal law and is not appealable by the State under Rule 3. Id. The issue presented in this case is whether the circuit court erred in finding that it was per se unreasonable for officers to execute an extraterritorial search warrant without the cooperation of local law enforcement. More specifically, the State asserts that the circuit court erred in its interpretation of the applicable criminal procedural rules and this court’s precedent in Fountain, 350 Ark. 437, 88 S.W.3d 411, as well as the two cases relied on by the court in Fountain: Colston v. State, 346 Ark. 503, 58 S.W.3d 375 (2001) and Logan v. State, 264 Ark. 920, 576 S.W.2d 203 (1979). The material facts surrounding the execution of the warrant are not in dispute; thus, the question presented is purely a legal one and presents a proper issue for an appeal by the State. On review of a suppression challenge, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and | ^determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court. State v. Tyson, 2012 Ark. 107, 388 S.W.3d 1. We turn now to the State’s argument that the circuit court erred in granting the suppression motion. In support of this argument, the State asserts that the circuit court erred in interpreting Fountain as establishing a bright-line rule, which requires officers to have interagency cooperation within the jurisdiction of execution of a search warrant. According to the State, it is notable that in Fountain the court considered a combination of statutes, rules of criminal procedure, case law, and facts in applying a totality-of-the-eircum-stances review to conclude that the search was reasonable. The State argues that the circuit court in this instance, while stating that it had considered the totality of the circumstances, actually based its decision on one factor, namely, the requirement of interagency cooperation and, thus, erred as a matter of law in granting the motion to suppress. Appellee counters that there is no Arkansas statute, court rule, or appellate court decision that specifically allows a police officer from a municipality to execute a search warrant outside his territorial jurisdiction, acting by himself.[2] | f,After Appellee filed his motion to suppress evidence, the circuit court held a hearing on the motion. At the conclusion of the hearing, the circuit court announced that it was granting Appellee’s motion, stating as follows: Based upon the totality of the circumstances, the Court finds that the search in this instance does not comport with the requirements of an interagency agreement so as to respect the concept of territorial jurisdiction of peace officers and the Court finds that the conduct of the law enforcement agency, the Sherwood Police Department in this instance, is not consistent with the traditional notions of reasonableness which underlie the [Fjourth [Ajmendment. In its written order, the circuit court ruled that in order for the Sherwood police officers to validly execute the search warrant it was necessary for them to either have an interagency agreement or officers from the other jurisdiction present at the time of the execution of the search warrant. We agree with the State that the circuit court improperly interpreted Fountain as requiring interagency cooperation. The Fourth Amendment provides that [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.... The Amendment guarantees the privacy, dignity, and security of persons against certain arbitrary and invasive acts by officers of the Government or those acting at their direction. Skinner v. Ry. Labor Executives’ Ass’n, 489 U.S. 602, 613-14, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989). However, only those searches and seizures that are deemed unreasonable are proscribed by the Fourth Amendment. Id. What is reasonable “depends on all of the circumstances surrounding the search or seizure and the nature of the search and seizure itself.” Id. at 619, 109 S.Ct. 1402 (quoting United States v. Montoya de Hernandez, 473 U.S. 531, 537, 105 S.Ct. 3304, 87 L.Ed.2d 381 (1985)). “Thus, the permissibility of a particular law enforcement practice is judged by balancing its intrusion on the individual’s Fourth |7Amendment interests against its promotion of legitimate governmental interests.” Delaware v. Prouse, 440 U.S. 648, 654, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Clearly the touchstone principle in any Fourth Amendment analysis is reasonableness, and in making a reasonableness determination it is necessary for a court to consider the totality of the circumstances. See Benavidez v. State, 352 Ark. 374, 101 S.W.3d 242 (2003); see also Ohio v. Robinette, 519 U.S. 33, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996) (stating that reasonableness is measured in objective terms by examining the totality of the circumstances). No such analysis occurred in this case. The State is correct that although the circuit court mentions “totality of the circumstances,” its ultimate decision was based on the singular factor that there was no interagency cooperation or agreement in place. Contrary to the circuit court’s finding, there is no rule of criminal procedure, statute, or case law establishing a bright-line rule that in order for a police officer to execute a search warrant outside his jurisdiction there must be an inter-agency agreement or interagency cooperation to validate the search. This court’s opinion in Fountain, 350 Ark. 437, 88 S.W.3d 411, certainly does not stand for this proposition. In that case, the appellant brought a cross-appeal, arguing that the circuit court erred in denying his motion to suppress evidence seized from his home in Little Rock by officers from the North Little Rock Police Department because the officers acted outside their jurisdiction. This court affirmed the circuit court’s denial of the motion to suppress and specifically rejected the appellant’s argument that, under Colston, 346 Ark. 503, 58 S.W.3d 375, the traditional concept of territorial jurisdiction for peace officers is that a local community is best served by the requirement that only local officers make arrests in the 18community. In so doing, this court concluded that the issue was best resolved by relying on other cases, applicable statutes, and rules of criminal procedure, and noted as follows: In the present case, the officer had a search warrant. We note that an officer may make an arrest when the officer has a warrant for arrest, as provided by Ark.Code Ann. § 16-81-105 (1987). See also Ark. R.Crim. P. 4.2 (2002). Under Ark. R.Crim. P. 13.3(a), “a search warrant may be executed by any officer.” Id. We noted in Brenk v. State, 311 Ark. 579, 847 S.W.2d 1 (1993) that Ark.Code Ann. § 16-82-201 (1987), which gives any judicial officer in the state the authority to issue a search warrant, does not limit the jurisdiction of the judicial officer to issue search warrants in his or her county. Id. Fountain, 350 Ark. at 443, 88 S.W.3d at 415. The State is correct that the court in Fountain considered several areas of the law in determining that the circuit court properly denied the motion to suppress. While it is true that there was evidence that an officer from the North Little Rock Police Department contacted the Little Rock Police Department prior to the execution of the warrant, the opinion is silent as to whether any Little Rock officers were actually present during the execution of the search warrant. More importantly, this court’s analysis of the underlying issue did not hinge on this singular factor; rather, the court in Fountain considered the totality of the circumstances to conclude that the execution of a search warrant by North Little Rock officers at a residence in Little Rock was permissible. Looking at the totality of the circumstances in this case, we conclude that the circuit court erred in granting Appel-lee’s motion to suppress because it was not per se unreasonable for the Sherwood officers to execute this search warrant. Pursuant to Arkansas Code Annotated § 16-82-201 (Repl.2005), any judicial officer has the authority to issue a search warrant directed to any person or place in Arkansas. Here, it is undisputed that the search 19warrant was properly issued by a judge in the Sherwood District Court of Pulaski County. Rule 13.3(a) of the Arkansas Rules of Criminal Procedure plainly states that a search warrant may be executed by any officer. The officers in this case were the ones investigating the robbery and were the ones who obtained the information used to secure both the search warrant and the arrest warrant. There was no dispute regarding the validity of either warrant, as the dispute related solely to the execution of the search warrant. There was nothing to indicate that the Sherwood police purposefully avoided notifying other law enforcement agencies. Accordingly, under the totality of the circumstances and in view of the applicable statutory authority, court rules, and our case law, we cannot say that the execution of the search warrant was per se unreasonable such that it warranted suppression of the evidence seized. Because of our resolution of the State’s first argument, it is not necessary to address its alternative argument that this was a valid search incident to arrest. Reversed and remanded. BAKER and HART, JJ., dissent. . Although Appellee stated that his residence was located in North Little Rock, it was revealed during a hearing on the motion to suppress that the residence is actually located within an unincorporated part of Pulaski County and therefore subject to the jurisdiction of the Pulaski County Sheriff’s Office. . In his brief to this court, Appellee asserts that this court should affirm the order of suppression, as he is afforded greater protection under article 2, section 15. The State then focuses on this article 2, section 15 argument in its reply brief. We decline to address the specific argument that greater protection is afforded under the Arkansas Constitution because such an argument was not argued to, or ruled upon by, the circuit court. This court has repeatedly stated it will not address arguments, even constitutional arguments, raised for the first time on appeal. Dowty v. State, 363 Ark. 1, 210 S.W.3d 850 (2005).