

# SUPREME COURT OF ARKANSAS

No. CV-13-665

| | | |
|---|---|---|
| ANTONIO BRITT | | Opinion Delivered   March 20, 2014 |
| | APPELLANT | |
| V. | | PRO SE MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR EXTENSION OF TIME TO FILE BRIEF [LEE COUNTY CIRCUIT COURT, NO. 39CV-13-67] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE RICHARD L. PROCTOR, JUDGE |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 1996, appellant Antonio Britt was found guilty by a jury of first-degree murder, attempted first-degree murder, two counts of aggravated robbery (merged with the murder convictions), and two counts of kidnapping. The date of the offenses was April 9, 1995. On appeal, this court reversed and remanded the case for retrial, holding that the trial court erroneously denied appellant's motion to suppress two statements. *Britt v. State*, 334 Ark. 142, 974 S.W.2d 436 (1998). On retrial in 2000, appellant was found guilty by a jury of first-degree murder, attempted first-degree murder, and two counts of kidnapping. Three terms of life imprisonment for first-degree murder and each count of kidnapping, plus an additional consecutive sentence of 360 months' imprisonment for attempted first-degree murder, were imposed. This court affirmed. *Britt v. State*, 344 Ark. 13, 38 S.W.3d 363 (2001).

On May 23, 2013, appellant filed in the Lee County Circuit Court a pro se petition for

writ of habeas corpus, arguing that his life sentence for first-degree murder was illegal because he was a juvenile when the crime was committed. The circuit court dismissed the petition, finding that the petition did not conform to pleading rules. Appellant lodged an appeal from that order in this court. Now before us are appellant's motions for appointment of counsel and for extension of time to file his brief-in-chief.

We dismiss the appeal, and the motions are moot as it is clear from the record that appellant could not prevail on appeal. An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for habeas corpus, will not be permitted to go forward when it is clear that the appeal is without merit. *Glaze v. State*, 2013 Ark. 458 (per curiam).

The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Culbertson v. State*, 2012 Ark. 112 (per curiam). Under our statute, a petitioner who does not allege actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Darrough v. State*, 2013 Ark. 28 (per curiam). A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Justus v. Hobbs*, 2013 Ark. 149 (per curiam).

While appellant's petition consisted primarily of quotes from various cases, and his argument lacked development, it appears that he was contending that he is entitled to habeas

relief based on his sentence of life imprisonment for first-degree murder committed while he was a juvenile. In his petition, appellant quoted extensively from the United States Supreme Court's decision in *Miller v. Alabama*, __ U.S. __, 132 S. Ct. 2455 (2012), in which the Court explicitly held that the Eighth Amendment's protections against cruel and unusual punishment forbid a sentencing scheme that mandates life in prison without possibility of parole for juvenile homicide offenders.[1] *Miller* is only applicable when a mandatory life sentence is imposed without the sentencer's being able to "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Murry v. Hobbs*, 2013 Ark. 64 (per curiam) (quoting *Miller*, __ U.S. __, 132 S. Ct. at 2469). The *Miller* Court explained that it was not considering appellant's "alternative argument that the Eighth Amendment requires a categorical bar on life without parole for juveniles, or at least for those 14 or younger." *Id.* (quoting *Miller*, __ U.S. __, 132 S. Ct. at 2469).

On retrial, appellant was charged and convicted of first-degree murder pursuant to Arkansas Code Annotated section 5-10-102 (Repl. 1993). Murder in the first degree is a Class Y felony, which is punishable by "not less than ten (10) years and not more than forty (40) years,

---

[1]In his petition, appellant also quoted *Graham v. Florida*, 560 U.S. 48 (2010), in which the Supreme Court held that the Eighth Amendment "forbids a State from imposing a life without parole sentence on a juvenile nonhomicide offender." 560 U.S. at 75. While appellant was sentenced to life imprisonment for a homicide offense as well as to life sentences for two counts of kidnapping, a nonhomicide offense, he stated in his petition that his argument was "concerned with the imposition of a term of imprisonment on offenders who kill." Because appellant failed to raise an argument based on *Graham* below, any such argument could not be raised on appeal. *See State v. Robinson*, 2013 Ark. 425, __ S.W.3d __. Accordingly, we do not consider whether appellant's life sentences for nonhomicide convictions violate the Supreme Court's holding in *Graham*.

or life." Ark. Code Ann. § 5-4-401(a)(1) (Repl. 1993).[2]  At trial, the jury was authorized to sentence appellant to any term within that range.  *See* Ark. Code Ann. § 5-4-104(c)(1) (Repl. 1993).  The only mandatory life sentence in Arkansas's sentencing scheme at the time that appellant committed his crimes was for capital murder or treason.  *See* Ark. Code Ann. § 5-4-104(b) ("A defendant convicted of capital murder . . . or treason . . . shall be sentenced to death or life imprisonment without parole.").

In *Murry*, this court held that when, after deliberation, a jury imposed a juvenile offender's life sentence for first-degree murder from a range of possible punishments, his life sentence was not mandatory and, thus, not illegal under *Miller*.  2013 Ark. 64.  Based on our holding in *Murry*, we hold that appellant's life sentence for first-degree murder was not mandatory such that this sentence was not illegal under *Miller*.[3]  Because it is clear that appellant could not prevail if his appeal were allowed to proceed, his appeal is dismissed, and the motions are moot.

Appeal dismissed; motions moot.

*Antonio Britt*, pro se appellant.

No response.

---

[2]A life sentence in Arkansas generally means life without the possibility of parole. *Hobbs v. Turner*, 2014 Ark. 19, __ S.W.3d __; *see* Ark. Code Ann. § 16-93-614(c)(1)(B) (Supp. 2013) (stating that inmates sentenced to life for offenses committed after January 1, 1994, are not eligible for transfer to community corrections unless the sentence is commuted to a term of years by executive clemency).

[3]We also recognize that appellant did not append to the habeas petition a copy of the judgment of conviction being challenged or otherwise provide any substantiation of his claims. Thus, he failed to meet his burden of "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *See Jones v. State*, 2014 Ark. 67 (per curiam).

SLIP OPINION

