

# SUPREME COURT OF ARKANSAS

**No.** CV–13–1115

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** May 8, 2014 |
| MELVIN SMITH | APPELLANT | APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT [NO. LCV-2013-82-5] |
| V. | | HONORABLE JODI RAINES DENNIS, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED. |

**JOSEPHINE LINKER HART, Associate Justice**

A Pulaski County judgment dated November 30, 1977, states that a jury "returned a verdict of Guilty of Murder I and Burglary" against appellant Melvin Smith "with punishment fixed at life imprisonment in the State Penitentiary on Murder I and six years' imprisonment in the State Penitentiary on Burglary." The judgment further provided that the "Court doth this date sentence and commit defendant to life imprisonment and six years," with the "six years to commence at the expiration of the life sentence." In 2013, Smith petitioned the Lincoln County Circuit Court for writ of habeas corpus, which the court denied. Smith appeals, asserting that, in accordance with *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012) and *Jackson v. Norris*, 2013 Ark. 175, ___ S.W.3d ___, his sentence to life imprisonment was invalid on its face because the sentencer did not hold a hearing to consider mitigating factors relating to Smith's youth before imposing the maximum sentence of life imprisonment. We affirm.

In his petition, Smith asserted that he was serving a sentence of life imprisonment after he was convicted of first-degree murder. He alleged that he was charged with capital murder on June 21, 1977, convicted of first-degree murder on November 30, 1977, and that at the time of the offense, he was sixteen years old, with his date of birth being August 4, 1960. Smith argued that the imposition of life imprisonment upon a juvenile offender was contrary to *Miller* and *Jackson*. The circuit court dismissed the petition, concluding that because Smith's life sentence was not mandatory, *Miller* was inapplicable.[1] Smith appeals.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause. *Murry v. Hobbs*, 2013 Ark. 64, at 2. (per curiam). In 1977, first-degree murder was a class A felony. Ark. Stat. Ann. § 41-1502(3) (Repl. 1977). The term of imprisonment for a class A felony was not less than five years nor more than fifty years, or life. Ark. Stat. Ann. § 41-901(a) (Repl. 1977); *see* Ark. Stat. Ann. § 41-803(3) (Repl. 1977). Capital murder was punishable by death or life imprisonment without parole. Ark. Stat. Ann. § 41-803(2); Ark. Stat. Ann. § 41-1351 (Repl. 1977); Ark. Stat. Ann. § 41-1501(3) (Repl. 1977).

---

[1]In his original petition, Smith asserted that he had pleaded guilty to first-degree murder but stated in his amended petition that he was convicted of the crime. In its order denying the petition, the circuit court apparently relied on the allegations contained in the original petition, stating that Smith had asserted in his petition that he had entered a negotiated guilty plea to first-degree murder and was sentenced to life imprisonment. The circuit court observed that Smith accepted life imprisonment from the sentencing range for first-degree murder. Smith argues on appeal that because the circuit court misstated the facts in its order, its ruling should be reversed. We may, however, affirm the circuit court if it reached the right decision albeit for the wrong reason. *See, e.g.*, *Jones v. State*, 347 Ark. 409, 422, 64 S.W.3d 728, 737 (2002).

SLIP OPINION

The United States Supreme Court held that Arkansas's "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, at ___, 132 S. Ct. at 2460. The Court stated that the "Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Id.* at ___, 132 S. Ct. at 2469. The Court also stated, "Although we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at ___, 132 S. Ct. at 2469. The Court further stated, "Our decision . . . . mandates only that a sentencer follow a certain process—considering an offender's youth and attendant characteristics—before imposing a particular penalty." *Id.* at ___, 132 S. Ct. at 2471. The Court also stated that "[b]y requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, the mandatory sentencing schemes before us violate this principle of proportionality, and so the Eighth Amendment's ban on cruel and unusual punishment." *Id.* at ___, 132 S. Ct. at 2475. On remand, this court reversed the denial of Jackson's petition for writ of habeas corpus, issued the writ, and remanded Jackson's case to the circuit court with the instruction that a sentencing hearing be held "where Jackson may present for consideration evidence that would include that of his 'age, age-related characteristics, and the nature of' his crime." *Jackson*, 2013 Ark. 175, at 2, ___ S.W.3d at ___. (citing *Miller*, ___ U.S. at ___, 132 S. Ct. at 2475).

On appeal, Smith argues that *Miller* and *Jackson* do not hold only that a mandatory life sentence for a juvenile violates the Eighth Amendment. Rather, Smith asserts that those cases further hold that the sentencer must have a hearing to consider the mitigating circumstances related to youth before it may impose a sentence of life imprisonment without parole. In support of his argument, Smith notes that in *Jackson*, this court ordered the circuit court to hold a sentencing hearing where Jackson could present such mitigating evidence.

After *Miller*, but prior to *Jackson*, this court considered the applicability of *Miller* to an instance where the petitioner, who was seventeen years old at the time of the crime, was convicted of first-degree murder under the 1977 statute and sentenced to life imprisonment without parole. This court held that "*Miller* is only applicable in Arkansas when a mandatory life sentence is imposed without the sentencer's being able to 'take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.'" *Murry*, 2013 Ark. 64, at 3 (citing *Miller*, ___ U.S. at ___, 132 S. Ct. at 2469). This court concluded that because Murry's life sentence for first-degree murder was not mandatory, *Miller* was "simply inapposite." *Id*. at 4. After *Jackson* was decided, we observed in *Hobbs v. Turner*, 2014 Ark. 19, at 11, ___ S.W.3d ___, ___, (citing *Murry*, 2013 Ark. 64), that "*Miller* prohibits a sentencing scheme that *mandates* life in prison without the possibility of parole for juvenile homicide offenders," and because "Turner was not subjected as a juvenile homicide offender to a mandatory life-without-parole sentence. . . . *Miller* is inapplicable." In *Britt v. State*, 2014 Ark. 134 (per curiam), Britt, who alleged that he was a juvenile when he committed the crime, was found guilty of first-degree murder and sentenced

4

to life imprisonment. This court reaffirmed its holding in *Murry*, concluding that because Britt's life sentence for first-degree murder was not mandatory, his sentence was not illegal under *Miller*. *Britt*, 2014 Ark. 134, at 4.

Given our holdings in *Murry, Turner*, and *Britt*, we again hold that *Miller* is inapplicable, as Smith's 1977 sentence to life imprisonment for first-degree murder was not mandatory. Moreover, *Jackson* does not require that we remand this case for a sentencing hearing. Jackson was initially sentenced to a mandatory life sentence. On remand, we afforded Jackson an opportunity to present mitigating evidence, because Jackson's initial sentence did not allow for consideration of mitigating evidence. Here, Smith did not face a mandatory sentence; rather, he was subject to a discretionary sentencing range, and the sentencer was permitted to consider sentencing-related mitigating evidence.

Affirmed.

*Marion A. Humphrey*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.

5