Cite as 2014 Ark. App. 674

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–14–328

| | |
|---|---|
| | **Opinion Delivered** December 3, 2014 |
| CHARLES EARL HEARD<br>APPELLANT | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. CR–2008-0678-1-1] |
| V. | HONORABLE HAMILTON H. SINGLETON, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; REMANDED TO CORRECT THE RECORD |

## ROBERT J. GLADWIN, Chief Judge

Appellant Charles Heard's suspended imposition of sentence was revoked, and he was sentenced to twelve years' imprisonment by the Union County Circuit Court. On appeal, he claims that the sentence imposed was illegal because it was in excess of that allowed by law. We affirm and remand for correction of the record.

On August 18, 2009, a second-amended judgment-and-commitment order was filed in the Union County Circuit Court reflecting that appellant pled guilty to the offense of failure to register–failure to comply with reporting requirements. He was sentenced to thirty-six months' incarceration with a suspended imposition of sentence of 120 months. The order does not reflect that appellant had been sentenced as a habitual offender. However, the following excerpt of appellant's guilty-plea colloquy with the circuit court on June 23, 2009, states as follows:

SLIP OPINION

| | |
|---|---|
| APPELLANT'S COUNSEL: | You don't contest that, do you Mr. Heard? That you have at least four prior felony convictions? |
| APPELLANT: | [nodding] |
| THE COURT: | The penalty range is from three to ten [years]? |
| PROSECUTOR: | Yes, your Honor. |
| THE COURT: | Three years in the ADC, credit for time served and ten years' SIS upon release. And, then I guess just the normal costs? |
| APPELLANT'S COUNSEL: | Yes, the normal costs and attorney's fees. |
| THE COURT: | I notice the plea statement says 222 days? |
| APPELLANT'S COUNSEL: | Yes, Your Honor, that's correct. |
| PROSECUTOR: | That is correct. |
| THE COURT: | Okay, Mr. Heard, you understand when they ask the Court to suspend imposition of any further sentence in a matter of ten years on your release from the Arkansas Department of Corrections, there's a list of conditions you are going to go over with the probation department, and you will have to comply with those? |
| APPELLANT: | Yes, sir. |
| THE COURT: | If you don't, they can bring you in here and revoke your unsupervised probation, which is what SIS is. At that time you could get up to twelve more years in the Arkansas Department of Corrections. |
| APPELLANT: | Yes, sir. |

On July 18, 2013, a petition to revoke appellant's suspended imposition of sentence was filed alleging that he had violated the terms and conditions of his suspended sentence in the following respects: (1) On March 30, 2013, he committed the offense of theft of property

2

(credit/debit card); (2) On June 13, 2013, he committed the offenses of domestic battery II, terroristic threatening I, possessing an instrument of crime, and refusal to submit to arrest; and (3) He had failed to pay court costs as ordered.

On December 19, 2013, a hearing was held in the Union County Circuit Court on the State's revocation petition, and appellant was found to have violated the terms and conditions of his suspended imposition of sentence, which was revoked. Appellant then argued that the maximum term to which he could be sentenced was seven years because the habitual-offender status was not "checked" on the sentencing order filed August 18, 2009. The circuit court disagreed, and appellant was sentenced to twelve years' imprisonment in the Arkansas Department of Correction. A notice of appeal was timely filed in this matter on January 14, 2014, and this appeal followed.

A sentence is void or illegal when the trial court lacks the authority to impose it. *State v. Fountain*, 350 Ark. 437, 88 S.W.3d 411 (2002). In Arkansas, sentencing is entirely a matter of statute. *Id*. Sentencing may not be other than in accordance with the statute in effect at the time of the commission of the crime. *Id*. Where the law does not authorize the particular sentence pronounced by the trial court, that sentence is unauthorized and illegal, and the case must be reversed and remanded. *Id*.

Appellant argues that the circuit court imposed a sentence in excess of that allowed by law. His argument relies on the second-amended sentencing order, filed August 18, 2009, which does not indicate that he was sentenced as a habitual offender. He argues that there was nothing before the circuit court at the revocation hearing to suggest that he was

SLIP OPINION

sentenced as a habitual offender other than the allegations in the petition to revoke and the oral allegations of the State. He cites *Garduno-Trejo v. State*, 2010 Ark. App. 779, 379 S.W.3d 692, for the proposition that a judgment or decree is not effective until it has been filed. He contends that, even if the plea agreement that he signed indicates that he was to be sentenced as a habitual offender, it was ineffective in sentencing him as a habitual offender absent the sentencing order indicating that he was so sentenced.

When appellant was sentenced in 2009, the sentencing range for a habitual offender with four or more prior convictions for a Class C felony was three to thirty years pursuant to Arkansas Code Annotated section 5-4-501(b)(1) & (2)(D) (Supp. 2007). Arkansas Code Annotated section 5-4-401(a)(4) (Repl. 2006) limits the sentencing range of a Class C felony for a non-habitual offender to a minimum of three and a maximum of ten years' imprisonment. Appellant claims that the maximum amount of time that he could have been sentenced upon revocation of his suspended sentence as a non-habitual offender would have been seven years (the ten-year maximum sentence for a Class C felony less the three-years' imprisonment he had previously served). Thus, he maintains that the twelve-year sentence imposed is illegal.

The State maintains that the circuit court did not illegally sentence appellant. The State contends that appellant was originally sentenced as a habitual offender with four or more prior convictions for which the available term of imprisonment for a Class C felony was three to thirty years. Ark. Code Ann. § 5-4-501(b)(1) & (2)(D). Appellant's guilty-plea statement, which he signed, recites that he was charged as a habitual offender with four or

more felony convictions and that he was pleading guilty to the underlying crime as well as to being a habitual offender with four or more convictions. The plea statement also acknowledges four or more prior convictions. When appellant pled guilty, he acknowledged that he had signed the plea statement and had gone over it with his attorney. And, consistently with the statements in that guilty-plea statement, appellant's counsel remarked during the guilty-plea colloquy that the prosecution would be able to prove that appellant had at least four prior felony convictions, and appellant himself concurred that he had at least four such prior convictions. The deputy prosecutor observed that the prosecution could, in fact, prove that appellant had six prior convictions. Four of those convictions were listed in appellant's presumptive-sentence worksheet.

Despite the plea statement and the statements in open court, the judgment that subsequently was entered did not have the blank checked indicating that appellant had been sentenced as a habitual offender. The State alleges that when the prosecution subsequently moved to revoke appellant's suspended sentence, however, it averred that he had been sentenced as a habitual offender, and, at the hearing, the judge remarked that appellant previously had been sentenced as a four-time habitual offender.

A circuit court has the power to make "the record speak the truth" and can enter an order nunc pro tunc at any time to correct clerical errors in a judgment or order. *Warren v. State*, 2012 Ark. App. 23 (citing *Grissom v. State*, 2009 Ark. 557). Therefore, the State argues that the sentencing order's failure to reflect appellant's habitual-offender status was a clerical error. In *Reed v. Hobbs*, 2012 Ark. 61 (per curiam), our supreme court considered appellant's

argument that his writ of habeas corpus should issue because his 900-month sentence was excessive and the original judgment did not indicate by an appropriate check mark that appellant was sentenced as a habitual offender. *Id*. at 2. The judgment-and-commitment order was amended nunc pro tunc in 2011 to reflect appellant's status as a habitual offender. *Id*. Our supreme court concluded that a clerical error had occurred, which did not prevent enforcement of the order. *Id*.

The State contends, and we agree, that appellant originally pled guilty and was sentenced as a habitual offender, despite the failure of the judgment to indicate that fact. The circuit court is free to correct a clerical error to have the judgment speak the truth. *Warren*, *supra*. Consequently, he was not illegally sentenced. We affirm the revocation and remand to the circuit court for correction of the August 18, 2009 order to reflect appellant's habitual-offender status.

Affirmed; remanded to correct the record.

WALMSLEY and VAUGHT, JJ., agree.

*N. Mark Klappenbach*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.